IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES STOKES, | : | |
| | : | |
| | : | C.A. No. 1:19-cv-02014-SB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARKEL AMERICAN INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S MOTION TO RE-OPEN CASE AND TO AMEND FINAL JUDGMENT**

COMES NOW Plaintiff, JAMES STOKES, by and through his undersigned counsel, and pursuant to Rules 54, 59, and 60 of the Federal Rules of Civil Procedure, and Rule 54.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and hereby files this Motion to Re-Open the Case and to Amend Final Judgment, and in support thereof states as follows:

**INTRODUCTION**

This Honorable Court entered Judgment in favor of Plaintiff following a Jury Verdict in his favor which was rendered within minutes of the start of deliberations. The Jury Verdict confirmed with emphasis that MARKEL AMERICAN INSURANCE COMPANY improperly withheld $646,000.00 – full policy limits – from Mr. Stokes from the time that his boat sank as a result of Hurricane Michael in October 2018 and still has failed to pay for the loss to date. Despite initially acknowledging coverage for the loss, MARKEL belatedly concocted a denial based upon an alleged design defect to hold onto Mr. Stokes' money for nearly six (6) years.

To fully compensate Mr. Stokes, the Court must amend its Judgment to provide for pre- and post-judgment interest, costs, and attorney's fees. Mr. Stokes, as the prevailing party, is

entitled to an award of pre- and post-judgment interest under Federal admiralty law. U.S. Fire Ins. Co. v. Allied Towing Corp., 966 F.2d 820, 828 (4th Cir. 1992). Prejudgment interest should run from the date of loss through the entry of the Judgment. Sea Link Cargo Services Inc. v. Marine Centre Inc., 380 F. App'x 460 (5th Cir. 2010). Post-judgment interest should run from the date of the Judgment through the date that MARKEL pays the Judgment.

Plaintiff, as the prevailing party in this litigation, is also entitled to an award of reasonable costs. D. Del. LR 54.1(a)(1).

Plaintiff, as the prevailing party in this litigation, is also entitled to an award of attorneys' fees. All Underwriters v. Weisberg, 222 F.3d 1309 (11th Cir. 2000).

Accordingly, Plaintiff herein moves the Court to re-open the case and to amend the Final Judgment to award Plaintiff interest, costs, and attorneys' fees.

## ARGUMENT

I. **Interest**

Mr. Stokes prevailed at Trial on his claim for breach of contract, obtaining a full-policy-limit Jury Verdict for MARKEL's failure to pay for the sinking of his boat. To ensure that he is fully compensated for the withholding of funds rightfully owed to him, the Court must amend its Judgment to award Mr. Stokes interest.

   a. **Prejudgment Interest**

      i. **Choice of Law**

This Court previously held that Mr. Stokes' claim for breach of contract is subject to the application of Federal admiralty law for substantive issues in which established principles and precedents of Federal admiralty law apply. [D.I. 121].

Federal courts unanimously construe prejudgment interest rules as substantive under the *Erie* doctrine because of their outcome-determinative nature. See Erie Railroad Co. v. Tompkins,

304 U.S. 64 (1938). Thus, while Federal courts sitting in diversity and applying state law have resolved the procedural/substantive debate by using the prejudgment interest rule of the state in which they sit, American Anodco, Inc v Reynolds Metals Co, 743 F2d 417,425 (6th Cir 1984), Plaintiff asserts that Federal admiralty law applies to this issue. However, the choice of law analysis matters little as the Court is bound to award Mr. Stokes pre-judgment interest pursuant to well-settled admiralty law as well as under Delaware law.

### ii. Plaintiff is Owed Pre-Judgment Interest Under Admiralty and Delaware Law

It is well-settled under admiralty law that Plaintiff is entitled to an award of pre-judgment interest. Allied Towing Corp., 966 F.2d 820; Sea Link, 380 F. App'x 460; Grace Line, Inc. v. Todd Shipyards Corp., 500 F.2d 361, 366 (9th Cir. 1974).

The facts established a Trial that MARKEL misapplied its design defect exclusion to create a denial and an erroneous determination that Mr. Stokes' boat was not seaworthy at the inception of the policy. The Jury unanimously rejected MARKEL'S evidence and arguments and promptly rendered a Verdict in his favor. Thus, MARKEL improperly withheld $646,000.00 that was rightfully owed to Mr. Stokes starting from October 12, 2018, and continuing through the filing of this Motion as MARKEL has still not paid for the loss.

MARKEL did not establish any peculiar or exceptional circumstances at Trial that would alter the general rule that Mr. Stokes is owed prejudgment interest. City of Milwaukee v. Cement Division, National Gypsum Co., 515 U.S. 189, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995); Ins. Co. of N. Am. v. M/V Ocean Lynx, 901 F.2d 934, 942 (11th Cir. 1990) ("As a general rule, pre-judgment interest should be awarded in admiralty cases. Pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his."); see also Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co., 338 F.3d 1276, 1280 (11th Cir. 2003) ("It is the general rule of this circuit to award pre-judgment interest in admiralty cases.").

Similarly, under Delaware law, prejudgment interest is awarded as a matter of right. <u>Moskowitz v. Mayor & Council of Wilmington</u>, Del. Super., 391 A.2d 209 (1978) ("Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.").

There can be no dispute that Mr. Stokes is entitled to pre-judgment interest under either Federal admiralty law or under Delaware law. As there are no peculiar or unusual circumstances raised in the instant case that would make an award of pre-judgment unjust, the Court must amend its Judgment to award Mr. Stokes pre-judgment interest. Indeed, it would be manifestly unjust to not award Mr. Stokes pre-judgment interest. MARKEL has improperly withheld his money for more than six years, a time in which the market made very high returns. Mr. Stokes was forced to continue paying insurance and the loan on his boat despite not being able to use the boat because MARKEL would not release it to allow for repairs. The facts of this case make it plain that the Court must award pre-judgment interest to Mr. Stokes.

### iii. Amount of Interest

It is clear under admiralty law that the date of loss is the proper date from which prejudgment interest should run. <u>Sea Link</u>, 380 F. App'x at 464 (citing <u>In re Signal Int'l, LLC</u>, 579 F.3d 478, 500-01 (5th Cir. 2009)). By compensating for the loss of use of money due as damages from the time the claim accrues until judgment is entered, an award of prejudgment interest helps achieve the goal of restoring a party to the condition it enjoyed before the injury occurred. <u>Reeled Tubing, Inc. v. M/V Chad G</u>, 794 F.2d 1026, 1028-29 (5th Cir. 1986).

Because justice often takes many years to achieve, the laws of most American jurisdictions, including Delaware, provide that prejudgment interest be calculated for the period between the time of the wrong and the date of the judgment. See <u>Valeant Pharm. Intern. v. Jerney</u>, 921 A.2d

732 (Del. Ch. 2007) (applying prejudgment interest to a money damages award from the time of the wrong).

Mr. Stokes called in his claim the very same morning that the loss was discovered, on October 12, 2018. This makes it even more obvious that pre-judgment interest should run from October 12, 2018, as this was the date of loss as well as the date that MARKEL was put on notice that Mr. Stokes' vessel was a total loss after it sank as a result of Hurricane Michael.

Pursuant to Federal admiralty law, in setting the rate of prejudgment interest the Court may look to state law or other reasonable guideposts for a fair level of compensation. See Todd Shipyards, 763 F.2d at 753.; Noritake Company, Inc. v. M/V Helenic Champion, 627 F.2d 724, 728-30 (5th Cir. 1980); Platoro Ltd. v. Unidentified Remains of a Vessel, 695 F.2d 893, 907 (5th Cir.), cert. denied, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983).

Plaintiff would submit that the Court should apply Delaware interest law as Delaware is the venue that MARKEL sought out for this action. Specifically, MARKEL refused to allow Plaintiff to remove his vessel to Florida for repairs, holding his boat at a marina in Delaware near where the incident occurred but extremely difficult for the parties and experts to access. MARKEL then used the boat remaining in Delaware to move to transfer venue to Delaware. Thus, the Court should utilize the pre-judgment interest rate from the venue in which this diversity action sits.

For contract actions, Delaware has established a rate of 5% over the Federal Reserve discount rate as of the time at which the cause of action arose. 6 *Del.C.* § 2301(a). This would put the rate of pre-judgment interest at 7.75% which helps meet the goal of making Mr. Stokes whole, as he has waited nearly six years from the date of the loss to the date of the Judgment. This Court requiring Defendant to pay a fair rate of interest during the period of unjustifiable delay helps make Mr. Stokes more whole, while depriving MARKEL of a windfall. Citrin v. Int'l Airport Centers LLC, 922 A.2d 1164, 1167 (Del. Ch. 2006).

b. **Post-Judgment Interest**

As the prevailing party at Trial, Plaintiff is also entitled to an award of post judgment interest pursuant to Federal Statute, which specifically provides for an award of post judgment interest. 28 U.S.C. §1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.") Pursuant to 28 U.S.C. § 1961, the interest rate used to calculate post-judgment interest on a federal court judgment is the weekly average one-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System each Monday for the preceding week.

> [E]xecution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. §1961(a). The statute also provides for the compounding of post judgment interest "Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31 and shall be compounded annually." 28 U.S.C. §1961(b).

Therefore, Plaintiff is entitled to an award of post judgment interest accruing from the date of Final Judgment.

II. **Costs**

Plaintiff, as the prevailing party in his breach of contract action by way of a unanimous Jury Verdict, is entitled to an award of costs. This Court must amend its Judgment to reflect Mr. Stokes' entitlement to costs pursuant to Federal Rule of Civil Procedure 54 which requires that "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also Marx v. Gen. Revenue Corp., 568 U.S. 371 (2013); see also 6 J. Moore, Moore's Federal Practice § 54.71[1], p. 54–304 (2d ed. 1996).

Costs are owed under Federal admiralty law, Corpus Christi Oil Gas v. Zapata Gulf Marine,

71 F.3d 198 (5th Cir. 1995), and under Delaware law. D. Del. LR 54.1(a)(1) ("[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs."); see Graham v. Keene Corp., 616 A.2d at 828 ("Rule 54(d) is substantially similar to Federal Rules of Civil Procedure Rule 54(d). The latter also allows the prevailing party to recover costs. . . "). Rule 54(d) provides that a prevailing party is entitled to recover litigation costs from its adversary. Cent. Delaware Branch of Nat. Ass'n for Advancement of Colored People (NAACP) v. City of Dover, Del., 123 F.R.D. 85, 94 (D. Del. 1988). Also pertinent is a portion of 10 Del. C. § 5101, which provides that "a party for whom final judgment [has been entered] in any civil action ... shall recover, against the adverse party, costs of suit, to be awarded by the court."

As the prevailing party, Mr. Stokes is entitled to recover his costs from MARKEL. The Court must amend its Judgment to award Mr. Stokes his costs.

**III.   Attorneys' Fees**

As the Court is aware, Mr. Stokes purchased a policy of insurance from MARKEL to protect his boat that he bought, kept, and used in Miami, Florida. Through a requirement of the navigational limits contained within the subject policy, Mr. Stokes took his boat out of Florida for the hurricane season up to Delaware, where, ironically, the boat unfortunately sank as a result of Hurricane Michael. Mr. Stokes should be afforded the protections allowed to insureds by the State of Florida, specifically the protection of being reimbursed his attorneys' fees when forced to sue an insurer for a wrongful coverage determination. Fla. Stat. § 627.428.

It would be manifestly unjust to not award Plaintiff the attorneys' fees he was forced to incur in bringing this maritime insurance action against his insurer, MARKEL. This is also a recognized principle under the admiralty law. Weisberg, 222 F.3d at 1316 ("In conclusion, we hold that a district court may award attorney's fees pursuant to Fla. Stat. § 627.428 against an insurer in a maritime insurance contract case."); see also Steelmet, Inc. v. Caribe Towing Corp.,

7

842 F.2d 1237, 1245 (11th Cir.1988); North Am. Life & Casualty Co. v. Wolter, 593 F.2d 609, 611 (5th Cir.1979); Meeks v. State Farm Mutual Auto. Ins. Co., 460 F.2d 776, 781 (5th Cir.1972); Coblentz v. American Sur. Co. of New York, 421 F.2d 187, 188 (5th Cir.1969).

Plaintiff filed multiple Notices of Civil Remedy with the Florida Department of Insurance and initiated this action in Florida State Court. Those actions asserted breaches of Fla. Stat. § 627.428 and demanded attorney's fees among other remedies. Fla. Stat. § 627.428 provides for an award of attorneys' fees to the prevailing party against an insurer:

> upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1)(2022).

Plaintiff later amended his Complaint to include causes of actions under D.C. Law, where contracts impose an "obligation of good faith in its performance and enforcement." D.C. Code § 28:1-304, for multiple violations as provided in D.C. Code § 31-2231.17 and violations of D.C. Code § 28-3901 – 28-3913 (hereafter referred to generally as "bad-faith causes of action" or "bad-faith".). These causes of action all formally requested attorney's fees and costs, multipliers, and extra contractual damages.

By applying state statutes, or codes such as Fla. Stat. § 627.428 in federal court, the courts have obviously viewed same as substantive law for Erie purposes. Weisberg, 222 F.3d at 1311. The district court, in Orlando Candy, reasoned that this "statute imposes a liability for judicially determined delinquency on the part of an insurer in the payment of its obligation. A corresponding right of recovery necessarily arises in favor of the beneficiary. The right thus created in favor of the beneficiary is a substantive right...." Orlando Candy Co. v. New Hampshire Fire Insurance Co.

of Manchester, 51 F.2d 392 (S.D.Fla.1931). In addition, the Florida state courts have specifically viewed Fla. Stat. § 627.428 as substantive law. See Bitterman v. Bitterman, 714 So.2d 356, 363 (Fla.1998) ("The ability to collect attorney's fees from an opposing party, as well as the obligation to pay such fees, is substantive in nature."); L. Ross, Inc. v. R.W. Roberts Constr. Co., Inc., 481 So.2d 484, 485 (Fla.1986) ( "The right to attorney fees is a substantive one....").

The 11th Circuit has awarded attorney's fees pursuant to Fla. Stat. § 627.428 in a number of marine insurance contract disputes. See Windward Traders, 855 F.2d at 819–20 (awarding attorney's fees pursuant to Fla. Stat. § 627.428 where a vessel owner prevailed against his insurers to recover under a marine insurance contract); Steelmet, Inc. v. Caribe Towing Corp., 842 F.2d 1237, 1245 (11th Cir. 1988) (same); Stuyvesant Ins. Co. of N. Y. v. Nardelli, 286 F.2d 600, 604 (5th Cir. 1961) (awarding attorney's fees pursuant to Fla. Stat. § 625.08 (now codified as § 627.428) where a vessel charterer prevailed against the vessel owner's insurers to recover under a marine insurance contract).

## IV.    Bad Faith Has Ripened and Entitles Plaintiff to Fees

Additionally, although Plaintiff does not contest that his causes of action save for breach of contract were dismissed the general allegations and wherefore clauses of Plaintiff's Complaint and Amended Complaint seek attorneys' fees in addition to other pled-for relief. See D.I. 130 and D.I. 145. These bad-faith causes of action were not stricken, neither were Plaintiff's requests for attorneys' fees in each of his wherefore clauses for every count, including Count I for breach of contract. Defendant was on notice of Plaintiff's request for fees and costs prior to the commencement of litigation and throughout the case.

As Plaintiff has now prevailed on his breach of contract claim at Trial, Plaintiff's causes of action for bad-faith are now ripe. Accordingly, this Court must re-open this case to allow for Plaintiff's bad-faith causes of action to proceed and award Plaintiff his attorneys' fees incurred in

litigating this action thus far. A court must award attorneys' fees in this instance as they are authorized by the statute under which Plaintiff has brought multiple causes of action. See D.I. 130. When a statute authorizes the award of attorneys' fees in a maritime action with a court sitting in admiralty, the award of those fees under statute is proper. See Coastal Fuels Mktg. v. Florida Exp. Shipping, 207 F.3d 1247 (11th Cir. 2000); Sea Lane Bahamas, Ltd. v. Europa Cruises Corp., 188 F.3d 1317, 1320 (11th Cir. 1999); Atlantic Lines, Ltd. v. Narwhal, Ltd., 514 F.2d 726, 731 (5th Cir. 1975); Galveston County Navigation Dist. v. Hopson Towing Co., 92 F.3d 353, 356 (5th Cir. 1996). Accordingly, Plaintiff must be awarded attorneys' fees incurred and must be allowed to re-open this case to move forward with the ripened bad-faith causes of action.

## V.  Conclusion

Plaintiff has shown that under the Federal Rules, applicable Federal and State statutes, as well as their interpretive case law, that Plaintiff is entitled to an award of costs, prejudgment interest, post-judgment interest, and attorney's fees following the unanimous jury verdict which was issued in this case and rendered in Plaintiff's favor.

**WHEREFORE**, Plaintiff, JAMES STOKES, respectfully requests that this Honorable Court: (i) Re-Open this case; (ii) GRANT the instant Motion; (ii) award Plaintiff all his taxable costs incurred in the bringing of this suit against Defendant; (iii) award Plaintiff pre-judgment interest at the maximum rate allowable by law from October 12, 2018, through the date of Judgment; (iv) award Plaintiff post-judgment interest at the maximum rate allowable by law from the date of Final Judgment through payment; (v) award Plaintiff all his reasonable attorneys' fees incurred in bringing this action; and (vi) for any other relief the Court deems just and proper.

**[SPACE LEFT INTENTIONALLY BLANK]**

## **LOCAL RULE 7.1.1 STATEMENT**

Pursuant to D. Del. LR 7.1.1, the undersigned hereby certifies that respective counsel made a reasonable effort to meet and confer regarding the instant motion but that no agreement on the substance of the motion was able to be reached.

Respectfully submitted,

**SALMON RICCHEZZA SINGER & TURCHI LLP**

  /s/ Kyle R. Brady
Kyle R. Brady, Esq. (DE ID #6763)
222 Delaware Avenue, 11th Floor
Wilmington, DE 19801
Phone:  (302) 655-4290
Fax:     (302) 655-4291
kbrady@srstlaw.com
*Attorney for Plaintiff, James Stokes*

Dated:  March 12, 2025

OF COUNSEL:

**NEBLETT LAW GROUP**
David A. Neblett, Esq. (Admitted *Pro Hac Vice*)
James M. Mahaffey, III, Esq. (Admitted *Pro Hac Vice*)
2550 South Bayshore Drive, Suite 211
Miami, FL 33133