## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES STOKES, | : | |
| | : | C.A. No.    1:19-cv-02014-SB-MPT |
| PLAINTIFF, | : | |
| | : | |
| v. | : | TRIAL BY JURY OF TWELVE |
| | : | DEMANDED |
| MARKEL AMERICAN INSURANCE | : | |
| COMPANY, a foreign corporation, | : | |
| | : | |
| DEFENDANT. | : | |

### DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S
### OBJECTIONS TO PLAINTIFF'S BILL OF COSTS

Defendant Markel American Insurance Company ("MAIC"), through undersigned counsel, hereby objects to Plaintiff's Bill of Costs (D.I. 198) for the following reasons:

Plaintiff's counsel has flouted this Court's rules and directives once again. On May 7, 2025, the Court ordered that "Plaintiff shall file a bill of costs that satisfies District of Delaware Local Rule 54.1." D.I. 197. Not only did Plaintiff's counsel untimely file his Bill of Costs (more than an hour past the Court's deadline), but Plaintiff also seeks costs to which he is clearly not entitled pursuant to D. Del. LR 54.1, applicable statutes, or federal case law. Plaintiff seeks a staggering **$193,491.08** in costs [D.I. 198], but the Federal and Local Rules along with the documents provided by Plaintiff only support **$140.00 in costs**.

### A.    Applicable Law

Federal Rule of Civil Procedure 54(d)(1), which governs the taxing of costs, "limits the reimbursable costs to those enumerated in 28 U.S.C. § 1920." *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). Pursuant to 28 U.S.C. § 1920, this Court may tax the following:

(1)    Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920. Federal courts are "limited to shifting only those costs explicitly enumerated in § 1920." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d. Cir. 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

"In the District of Delaware, Rule 54 and Section 1920 are supplemented by Local Rule 54.1, which provides additional guidance on taxable costs." *Walker Dig., LLC v. Google, Inc.*, 2016 U.S. Dist. LEXIS 54569, at *4 (D. Del. Apr. 12, 2016). D. Del. LR 54(b)(1)-(10) specifies the types of costs which may be awarded to a prevailing party and D. Del. LR 54.1(b)(11) states that "[c]laims for costs other than those specifically mentioned in [D. Del. LR 54(b)(1)-(10)] *ordinarily will not be allowed, unless the party claiming such costs substantiates the claim by reference to a statute or binding court decision*." D. Del. LR 54.1(b)(1)-(11) (emphasis added).

"The burden is initially on the party seeking costs 'to prove entitlement to reimbursement,'" but "the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462-63 (3d Cir. 2000); *Apeldyn Corp. v. Sony Corp*., 2016 U.S. Dist. LEXIS 98413, at *3 (D. Del. July 27, 2016). Regardless, "the Court (like the Clerk) has discretion to deny a request for taxation of costs based on a prevailing party's failure to support its request with sufficient and specific

documentation." *Walker Dig., LLC v. Google, Inc.*, 2016 U.S. Dist. LEXIS 54569, at *6 (D. Del. Apr. 12, 2016); *Cent. Del. Branch of NAACP v. Dover*, 123 F.R.D. 85, 93 (D. Del. 1988) ("Failure to properly document expenses is an obvious ground for denial of costs to an applicant.").

Additionally, the District Court "Bill of Costs" form (AO 133) includes a "Special Note" stating: "Attach to your bill an itemization and documentation for requested costs in all categories." D.I. 198. "In other words, costs will not be taxed unless 'the expenses are reasonable, necessary to the prosecution of the litigation, and adequately documented.'" *Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at *3 (quoting *Coalition to Save Our Children v. State Bd. of Educ.*, 901 F. Supp. 824, 833 (D. Del. 1995)).

**B.    Objections to Bill of Costs**

**1.    Preliminary Issue Regarding Plaintiff's Supporting Documents**

As a preliminary issue, Plaintiff's 154 pages of documentation in support of his costs ("Supporting Documents") are not organized in a way that allows MAIC or the Court to readily assess Plaintiff's costs. *See* D.I. 198-2, attached as **Exhibit A** (Bates Stamped by MAIC as **StokesCosts-001-154** for ease of review). It is a 154-page hodgepodge of, among other things, Plaintiff counsel's expense memo to Plaintiff, receipts (some of which are unidentified or illegible), and invoices, without any indication as to where they are identified in his Bill of Costs [D.I. 198] or his itemized "Other Costs Breakdown" [D.I. 198-3]. This is like the issues defense counsel encountered with Plaintiff's initial exhibit list and exhibits, for which, among other things, the Court sanctioned Plaintiff's counsel "given, frankly… the difficulty the Court had in figuring out what these things were." *See* Trial Tr., 02/05/25, 11:5-24. Simply put, neither defense counsel nor the Court should have to go on a scavenger hunt through 154 pages to find documentation for each of Plaintiff's requested costs, particularly where much of the requested costs are

-3-

impermissible. *See, e.g., United States v. Claxton*, 766 F.3d 280, 307 (3d Cir. 2014) ("And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.").

As discussed above, it is Plaintiff's initial burden to prove entitlement to costs, including producing sufficient documentation. *Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at *3. The process of analyzing Plaintiff's Bill of Costs and Supporting Documents should have been straightforward. Instead, Plaintiff is throwing everything at the wall, including a replacement phone charger purchased at an airport, and hoping something sticks.

## 2.  <u>Fees for Service of Summons and Subpoena</u>

MAIC objects to Plaintiff's request to tax **$780.00** in service costs. Plaintiff seeks to tax **$780.00** in service costs incurred for serving summonses and/or subpoenas. D.I. 198. Plaintiff does not list who was served, when, or by whom. However, hidden within Plaintiff's Supporting Documents are 8 invoices from "Miami PSPI, LLC" for service of subpoenas on 1) Jonathan Klopman, c/o White and Williams LLP (non-served on 04/20/21); 2) Corporate Representative Markel American Insurance Company, c/o White and Williams LLP (03/30/2020); 3) Jonathan K. Klopman (05/03/2021 in Marblehead, MA); 4) Justin Evenson, c/o White and Williams LLP (03/30/2020); 5) Justin Evenson, c/o White and Williams LLP (01/13/2021); 6) Matthew Schmahl (03/05/2021); 7) Robert K. Taylor (05/02/2021); and 8) Robert K. Taylor (03/02/2021). **StokesCosts-47-54**. Each invoice is for $95.00, for a total of **<u>$760.00</u>**, which differs from Plaintiff's requested amount of $780.00. D.I. 198.

Regardless of the amount discrepancy, and duplicative service on some witnesses, the Third Circuit has held that costs charged by private process servers are not taxable under § 1920. *Knowles v. Temple Univ.*, 109 F.4th 141, 144-145 (3d Cir. 2024) ("Other textual clues lead us to conclude

that the statute does not apply to private actors… Accordingly, we decline to interpret § 1920(1) to reach private actors and thus reverse the award for costs incurred for private process servers."). In *Knowles*, the Third Circuit pointedly stated, "should Congress wish to amend § 1920(1) to cover private service costs, it 'kn[ows] how to do so.'" *Id.*, at 145 (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

For these reasons, MAIC respectfully requests that Plaintiff's requested amount for service costs be reduced from **$780.00** (or $760.00 based on the invoices themselves) to **$0.00** and denied.

### 3.    Fees for Transcripts

Next, MAIC objects to Plaintiff's request to tax **$3,367.18** in "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." D.I. 198. Again, Plaintiff does not specifically identify the transcripts for which he is seeking costs, but includes several invoices from Esquire Deposition Solutions in his Supporting Documents. **StokesCosts-30-37**. Defense counsel determined that $3,367.18 matches the total expenses billed to Plaintiff by his counsel for the depositions of Jonathan Klopman ($1,046.10), Robert K. Taylor, MS, PE ($1,254.08), and MAIC's corporate representative ($1,067.00). **StokesCosts-5**.

District of Delaware Local Rule 54.1(b)(3) provides, in pertinent part, that:

> The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are ***taxable only where a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable***, regardless of which party took the deposition.

D. Del. LR 54.1(b)(3) (emphasis added). "Local Rule 54.1(b)(3) focuses on the actual use of a substantial portion of the deposition to resolve a material issue in the case; it does not focus on counsel's use or subjective view of the deposition as important or unimportant." *Naber v. Dover Healthcare Assocs., Inc.*, 2013 U.S. Dist. LEXIS 11379, at *5 (D. Del. Jan. 29, 2013) (citing

*Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, 2009 U.S. Dist. LEXIS 93395, 2009 WL 3153496, at *2 (D. Del. Sept. 30, 2009). 28 U.S.C. § 1920 allows for "[f]ees for printed or electronically recorded *transcripts necessarily obtained for use in the case.*" 28 U.S.C. § 1920(2) (emphasis added).

The Rules do not entitle Plaintiff to recover costs for these transcripts, because Plaintiff did not ***actually use*** a "substantial portion" of these deposition transcripts "in the resolution of a material issue in the case" and did not "necessarily obtain[] [them] for use in the case." *See* Del. LR 54.1(b)(3); 28 U.S.C. § 1920(2). In fact, Plaintiff only briefly cited to the Taylor and Corporate Representative depositions in his Motion for Summary Opening Brief [D.I. 108], Answering Brief [D.I. 114], and/or Reply Brief [D.I. 116], and most of these citations were to the same few pages. These limited citations are not a "substantial portion" of either transcript, and the transcripts were not used in the resolution of a "material issue." *See, e.g., Honeywell*, 2009 U.S. Dist. LEXIS 93395, *4-7 (denying deposition transcript costs to prevailing party because party did not use a substantial portion of the depositions in the resolution of a material issue in the case); *Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 254-56 (D. Del. 2009) (determining that use of 25% of a deposition transcript at trial constitutes a substantial portion, but 8-12% does not). Plaintiff did not cite to the Klopman deposition at all in his briefs, instead citing to the Klopman report. *See* D.I. 108; D.I. 114; D.I. 116. Furthermore, no party entered these transcripts into evidence at trial. D.I. 190. *See, e.g., Honeywell*, 2009 U.S. Dist. LEXIS 93395, *4 ("The court affirms the Clerk's denial… [Defendant] does not claim that any portion of the depositions were read into the record or presented at trial, much less that a 'substantial portion' of the depositions was 'used in the resolution of a material issue in the case.'"). Furthermore, no deposition designations were used by Plaintiff in lieu of live testimony.

-6-

Under the circumstances, it appears that Plaintiff's counsel primarily ordered these deposition transcripts and used them for Plaintiff counsel's convenience. Del. LR 54.1(b)(3) clearly states, "*[c]harges for counsel's copies and the expenses of counsel in attending depositions are not taxable.*" *Id.* For these reasons, MAIC respectfully requests that Plaintiff's request for deposition transcript costs be reduced from **$3,367.18** to **$0.00** and denied.

Should the Court be inclined to use its discretion and tax deposition transcript costs, Plaintiff is not entitled to the full amount he claims. The District of Delaware has stated that "pretty much everything other than the actual transcript is a bell and whistle." *Amgen Inc. v. Sanofi*, 2025 U.S. Dist. LEXIS 36769, at *11 (D. Del. Feb. 28, 2025). To this point, the *Amgen* court stated:

> A video is not a transcript. Word indexing is not a transcript. Neither are fees for interpreters or for most, if not all, of the other disputed modest amounts... Rough transcripts, real time transcripts, and expedited transcripts are transcripts, but they are primarily obtained for the convenience of counsel, not because they are 'necessarily obtained for use in the case.'

*Id.*, at *11-12.

Plaintiff's requested transcript costs are not solely for deposition transcripts, but they include additional charges. Relevant excerpts of the invoices are presented as follows:

| Job Date | Job ID | Job Location | Case | | | | |
|---|---|---|---|---|---|---|---|
| 5/14/2021 | J7156137 | Boston, MASSACHUSETTS | JAMES STOKES V. MARKEL AMERICAN | | | | |
| Description | | | Deponent | Qty | Unit Rate | Tax | Amount |
| TRANSCRIPT - COPY-M/T-VID-WI | | | Jonathan K. Klopman | 249 | 3.90 | | 971.10 |
| CONDENSED TRANSCRIPT | | | Jonathan K. Klopman | 1 | 25.00 | | 25.00 |
| PROCESSING & COMPLIANCE | | | Jonathan K. Klopman | 1 | 50.00 | | 50.00 |

- **StokesCosts-35** (Klopman invoice).

| Job Date | Job ID | Job Location | Case | | | | |
|---|---|---|---|---|---|---|---|
| 6/3/2021 | J7181010 | Novi, MICHIGAN | JAMES STOKES V. MARKEL AMERICAN | | | | |
| Description | | | Deponent | Qty | Unit Rate | Tax | Amount |
| TRANSCRIPT - COPY-VID-EXP-TELE-WI | | | Robert K. Taylor, MS, PE | 293 | 3.76 | | 1,101.68 |
| E-EXHIBITS B&W COPY | | | Robert K. Taylor, MS, PE | 75 | 0.40 | | 30.00 |
| E- EXHIBITS COLOR COPY | | | Robert K. Taylor, MS, PE | 181 | 0.40 | | 72.40 |
| CONDENSED TRANSCRIPT | | | Robert K. Taylor, MS, PE | 1 | 16.67 | | 16.67 |
| PROCESSING & COMPLIANCE | | | Robert K. Taylor, MS, PE | 1 | 33.33 | | 33.33 |

- **StokesCosts-36** (Taylor invoice).

| Job Date | Job ID | Job Location | Case | | |
|---|---|---|---|---|---|
| 10/2/2020 | J6059128 | New York, NEW YORK | JAMES STOKES V. MARKEL AMERICAN | | |
| Description | | Deponent | Qty | Unit Rate | Tax | Amount |
| TRANSCRIPT - COPY-VC-WI | | Markel American Insurance, | 248 | 4.00 | | 992.00 |
| CONDENSED TRANSCRIPT | | Markel American Insurance, | 1 | 25.00 | | 25.00 |
| PROCESSING & COMPLIANCE | | Markel American Insurance, | 1 | 50.00 | | 50.00 |

- **StokesCosts-37** (MAIC Corp. Rep. invoice).

As presented, these invoices include transcript costs **plus** costs for optional/additional servicing on the transcripts (abbreviations M/T, VID, WI, EXP, TELE, and VC, which are presumably related to video services, word indexing, expedited servicing, teleconferencing services, video conferencing services, and the like)[1], black-and-white exhibits, colors exhibits, condensed transcripts, and "processing & compliance." **StokesCosts-35-37**. Optional services for deposition transcripts and miscellaneous deposition fees are not taxable costs. *See Amgen*, 2025 U.S. Dist. LEXIS 36769, at *10-12 ("I am not going to allow for the bells and whistles for which Defendants seek costs. I think for deposition transcripts, pretty much everything other than the actual transcript is a bell and whistle.").

*If* Plaintiff is entitled to any costs related to these deposition transcripts, which MAIC disagrees he is, he should be required to prove his costs for the pure, written deposition transcripts and any "bells and whistles" should be disallowed. *See Amgen*, 2025 U.S. Dist. LEXIS 36769, at *10-12. Based on the available information, that amount would be *less than the* **$3,064.78** for the "Transcript" line item listed in each invoice excerpt above.

### 4.    Fees and Disbursements for Printing

Next, MAIC objects to Plaintiff's request to tax **$18,540.00** in printing fees because Plaintiff fails to provide adequate documentation in support of such a request. D.I. 198. Plaintiff

---

[1] *See* **Exhibit B** (Sample Esquire Deposition Solutions Price Sheet). This exhibit is solely included to show the optional services offered by Esquire Deposition Solutions, which are outside of the pure deposition transcript costs.

does not identify the documents associated with this request and the only support related to printing costs included in Plaintiff's Supporting Documents is an invoice from "Reliable Philadelphia" for $8,535.19. **StokesCosts-9**. However, the invoice is dated post-trial, February 11, 2025 (trial was held from February 5-7, 2025), and the invoice does not indicate that it is related to this case or trial. Additionally, $475.00 of that invoice is for "Shipping/Courier Services," which are not taxable costs. *In re Penn Cent. Transp. Co.*, 630 F.2d 183, 191 (3d Cir. 1980) ("This court disallows costs for the following non-inclusive list of items: postage and courier fees, overtime, unreasonable author's alterations, motions, and 'non-filed' documents"); *Melissa G. v. Sch. Dist. of Phila.*, 2008 U.S. Dist. LEXIS 2871, at *17 (E.D. Pa. Jan. 14, 2008) ("Costs for courier and postal services are not taxable in the Third Circuit."). Even if the Court were to consider this invoice, Plaintiff provides no support for the remaining $10,004.81 requested.

Because Plaintiff has failed to adequately support this request, MAIC respectfully requests that these costs be denied. *See, e.g., Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at *3.

However, *if* the Court is inclined to tax any portion of Plaintiff's printing costs, MAIC respectfully reminds the Court that Plaintiff counsel's own failure to comply with this Court's orders and instructions likely contributed to these exorbitant printing costs. Plaintiff's counsel caused repeated delays when they failed to timely provide defense counsel with a "proper list of proposed exhibits… identify[ing] specific exhibits, with Bates number, titles, and other information sufficient to identify each proposed exhibit." D.I. 168 (Oral Order). In response, the Court ordered Plaintiff's counsel to provide defense counsel with such a list by January 21, 2025. D. I. 168, D.I. 169. On January 22, 2025, defense counsel notified the Court that Plaintiff served a Revised Exhibit List, but he had not served any pre-marked exhibits for Defendant/counsel to

-9-

review. D.I. 172. In response, the Court "ORDER[ED] plaintiff to send defendant premarked exhibits, sent by Monday, January 27, at 5 pm EST using express mail." D.I. 173.

Plaintiff then asked the Court for relief from printing "duplicates of Defendant's proposed Exhibits 6, 7, and 9" and permission to "only print one (1) color copy of Plaintiff's proposed Exhibits 16, 78, and 79." D.I. 176. The Court granted the requested relief, ordering the parties to "split the cost of printing [proposed Exhibits 6, 7, and 9]" and allowing Plaintiff to print only three (3) copies of his proposed Exhibits 16, 78, and 79. D.I. 177.

In addition to ordering Plaintiff to produce premarked exhibits to defense counsel, the Court assessed a still-unpaid sanction of $500 against Plaintiff's counsel for their failure to sufficiently comply with orders related to Plaintiff's trial exhibit list and premarked exhibits. *See* Trial Tr., 02/05/25, 8:3-13:8. As the Court ordered the printing and delivery of the premarked exhibits, in response to Plaintiff counsel's impermissible conduct, it is inequitable for those costs to be shifted to MAIC. Under the circumstances, *if* the Court is inclined to tax printing costs, MAIC respectfully requests that the Court order Plaintiff to support his request with documentation and that the Court disallow costs related to shipping/courier services and printing the exhibits which were the subject of D.I. 173.

### 5.    Fees for Witnesses

Next, MAIC objects to Plaintiff's request to tax **$70,033.35** in witness fees. D.I. 198. "The rates for witness fees, mileage and subsistence are fixed by 28 U.S.C. § 1821," which caps witness fees at $40 per day for each day's attendance at a deposition or in court, plus travel costs and subsistence allowance. D. Del. LR 54.1(b)(4); 28 U.S.C. § 1821(b)-(c). "Unless otherwise provided by statute, fees of expert witnesses are not taxable in an amount greater than that statutorily allowable for ordinary witnesses." D. Del. LR 54.1(b)(4). Plaintiff requests witness fees

for Stephen Welch, Charles Stephens, Drew Hains/Rimkus Consulting, and Jonathan K. Klopman, but does not identify any days they attended a deposition or court. MAIC will address each request in turn:

(1)    Plaintiff requests **$350.00** for Stephen Welch's attendance at an inspection. Mr. Welch was neither deposed nor attended trial; therefore, Plaintiff is not entitled to any witness fees for Mr. Welch. 28 U.S.C. § 1821; *see Bethea v. Rash*, 2015 U.S. Dist. LEXIS 95158, at *12-13 (D. Del. July 22, 2015) ("The court grants deposition witness fees for [Witness 1], who was deposed, and trial witness fees for [Witness 2], who was present in the courtroom. The court denies trial witness fees for [Witness 1], who did not appear in court."). MAIC respectfully requests that Plaintiff's request for Mr. Welch's purported witness fees be reduced from **$350.00** to **$0.00**.

(2)    Plaintiff requests **$48,827.01** for Charles Stephens, presumably for his fees through the life of this case. Plaintiff has not itemized these fees, clearly identified supporting documentation, or otherwise "adequately documented" this amount. *See Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at *3. Additionally, the fees in Mr. Stephens' trial invoice include, *inter alia*, charges related to activities unrelated to this litigation. These charges include, but are not limited to: (a) "final report to client, to be used to generate bad faith in unfair claims handling by Markel to seek recovery of all expenses/costs, paid three times damages for unfair claims handling"; (b) "Claim investigation process after the trial testimony by Mr. Stephens was taken… to prepare/offer conclusions/reasons for Markel to be held in bad faith claims handling. Also emotional stress for over six years endured by Vessel Owner"; and (c) "Unlicensed adjuster's generated unfair claims…" **StokesCosts-17**. MAIC prevailed against Plaintiff on his

various attempts to bring bad faith claims; the Court dismissed them on summary judgment and on MAIC's partial motion to dismiss Plaintiff's Amended Complaint. D.I. 121; D.I. 122; D.I. 144; D.I. 145. Plaintiff was not the "prevailing party" on his bad faith claims in this litigation and he cannot recover costs related to any bad faith claims he *may* bring in future. D. Del. LR 54; 28 U.S.C. § 1920.

Regardless, Mr. Stephens was not deposed and only virtually participated in his examination on the afternoon of the first day of trial. 28 U.S.C. § 1821 limits his witness fees to **$40.00** total. 28 U.S.C. § 1821(b). Self-evidently, he is not entitled to travel costs or a subsistence allowance, because he did not travel to attend trial. 28 U.S.C. § 1821(b)-(d). For the above reasons, MAIC respectfully requests that Plaintiff's request for Mr. Stephens' witness fees be reduced from **$48,827.01** to **$40.00**.

(3)    Plaintiff requests **$19,295.43** for Drew Hains/Rimkus Consulting, presumably for fees through the life of this case. Plaintiff has not itemized these fees, clearly identified supporting documentation, or otherwise "adequately documented" this amount. *See Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at *3. Mr. Hains was not deposed and attended <u>two</u> (2) days of trial. **StokesCosts-72**. His witness fees are limited to **$80.00**, plus travel costs and subsistence allowance. 28 U.S.C. § 1821.

Plaintiff provides Mr. Hains' invoice for January 10, 2025 through February 7, 2025. **StokesCosts-72-73**. Mr. Hains billed for the following travel costs and subsistence related to trial: 1) Auto Mileage- $50.40; 2) Airfare- $848.97; 3) Parking & Tolls- $90.00; 4) Hotel- $523.73; 5) Meals- $68.52; and 6) Car Service- $123.32. **StokesCosts-73**. The invoice contains no other details related to these charges <u>and</u> Plaintiff includes no receipts or additional information for these charges. That is to say Plaintiff provides no

documentation as to Mr. Hains' hotel, the airline he traveled on or the class of cabin he traveled in, distances he drove, parking and tolls incurred, the car services he used, where he was driven, etc. If any of the indiscriminate receipts included in Plaintiff's Supporting Documents for phone chargers, Wawa, CVS, or snacks are related to Mr. Hains' trial attendance, Plaintiff has failed to make that clear.

For the above reasons, MAIC respectfully requests that Plaintiff's request for Mr. Hains/Rimkus Consulting's witness fees be reduced from **$19,295.43** to **$80.00**.

(4)     Plaintiff requests **$1,560.91[2]** for Jonathan K. Klopman, presumably for his deposition fees *which the Court ordered Plaintiff to pay on February 4, 2025*. *See* Email Order from Mr. Gladstone on behalf of Judge Bibas dated Feb. 4, 2025 at 1:17 pm. However, Plaintiff is attempting to make MAIC pay these deposition fees for a witness he subpoenaed and deposed. As of the date of these objections, it is MAIC's understanding that Plaintiff has yet to comply with the Court's order. To this point, Plaintiff does not present any documentation showing that he paid Mr. Klopman's deposition fee, instead producing a bill from Neblett Law Group to Plaintiff listing $1560.01 as Mr. Klopman's estimated ("EST") fee and his invoice. **StokesCosts-4, 43-44**. Even if the Court permitted Plaintiff to shift Mr. Klopman's fee, he failed to provide supporting documentation. *See, e.g., Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at *3.

This request should be denied, because: 1) Plaintiff is attempting to improperly shift Mr. Klopman's fees to MAIC and 2) to defense counsel's knowledge, Plaintiff has never paid Mr. Klopman's deposition fees.

---

[2] The correct figure is **$1,560.01**. **StokesCosts-4, 43-44**.

6.    **Fees for Copies of Materials Necessarily Obtained for Use in the Case**

Next, MAIC objects to Plaintiff's request to tax **$1,826.60** in "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." D.I. 198. Plaintiff provides no vendor invoices, receipts, or explanations to support this request. Instead, he only presents a bill from Neblett Law Group to Plaintiff including fees for "Photocopies/Printing," which total <u>$1,826.60</u>. **StokesCosts-1-7**. MAIC asserts that this bill and Plaintiff counsel's general affidavit is insufficient documentation to support this request. *See, e.g., Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 181 (3d Cir. 2001) ("In this case, the record contains a one-page statement of costs, and an Affidavit swearing to their accuracy. The one-page statement contains dates and descriptions, but does not include supporting data explaining the relevant purpose of the expenditures. Counsel failed to provide the District Court with any reasonable basis justifying the expenditures in this case. There is no evidence in the record under which we can evaluate whether the District Court abused its discretion in allowing the claim for costs."); *Coal. to Save our Children*, 901 F. Supp. at 835 ("Lucas has failed to adequately document his request and he shall not be granted reimbursement for said costs."). Because Plaintiff has failed to adequately support this request, MAIC respectfully requests that these costs be denied. *See, e.g., Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at *3.

7.    **Docket Fees under 28 U.S.C. § 1923**

Next, MAIC objects to Plaintiff's request to tax **$401.00** in docket fees under 28 U.S.C. § 1923. 28 U.S.C. § 1923 limits recovery to "$20 on trial." 28 U.S.C. § 1923(a). *See, e.g., In re Zofran (Ondansetron) Prods. Liab. Litig.*, 2024 U.S. Dist. LEXIS 34120, at *43 (D. Mass. Feb. 28, 2024) (taxing $8,740 total for docket fees, i.e., $20 per case for 437 cases); *Langley v. UPS*, 2021 U.S. Dist. LEXIS 231750, at *11 (D.N.J. Dec. 3, 2021) (taxing only a $5.00 docket fee where

action was decided on a motion for summary judgment, not on a trial or final hearing); *N.J. Mfrs. Ins. Grp. v. Electrolux, Inc.*, 2013 U.S. Dist. LEXIS 189347 (D.N.J. Oct. 21, 2013) (taxing $20.00 for docket fee following six-day jury trial and verdict for defendant).

 For these reasons, MAIC respectfully requests that the Court reduce Plaintiff's request from **$401.00** to **$20.00** for trial.

**8.    Other Costs**

Finally, MAIC objects to Plaintiff's request to tax **$98,527.40** in "other costs." D.I. 198 and 198-3. These "other costs" fit into three categories— 1) Plaintiff counsel's travel expenses, 2) Plaintiff's travel expenses, and 3) boat transportation and storage fees pursuant to 28 U.S.C. §1921. Even if these were taxable costs, most of them are not adequately documented, many are exorbitant, and some of them may be duplicative of other requests for costs. For example, there is a $25,995.25 line item for "7/7/2020 Travel to Miami to Meet with Counsel/expert – COVID," a $3,597.50 line item for "Neblett Law - Esquire Deposition (Deposition Fees)," and a $6,926.96 line item for "Various Meals - Client Paid - for Trial / Trial Team and others." Plaintiff is not entitled to recover any of his "other costs" for the reasons detailed below.

**a.    Plaintiff Counsel's travel expenses**

"Local Rule 54.1(b) identifies all costs which may be recovered by the prevailing party in a civil litigation in the District of Delaware. Nowhere in Local Rule 54.1(b) is there any provision for mileage, parking or subsistence of attorneys or their employees." *McKnatt v. Delaware*, 369 F. Supp. 2d 521, 527 (D. Del. 2004) (rejecting plaintiff's request for parking fees and his counsel's travel fees and meals). "Claims for costs other than those specifically mentioned in [D. Del. LR 54(b)(1)-(10)] *ordinarily will not be allowed, unless the party claiming such costs substantiates*

-15-

*the claim by reference to a statute or binding court decision*." D. Del. LR 54.1(b)(11) (emphasis added).

Furthermore, "[t]he Third Circuit has held that, 'under normal circumstances, a party that hires counsel from outside of the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel.'" *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 312 (3d Cir. 2008) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005)); *Coal. to Save our Children*, 901 F. Supp. at 834 ("[W]hile a party does have the right to retain its counsel of choice, if a party elects to have representation from outside the state when adequate representation could have been retained locally, *said party cannot shift that additional cost to its opposing party*.") (emphasis added).

Most of this case was litigated in the District of Delaware. Plaintiff cannot recover costs for his counsel's travel back and forth from Miami or his Delaware counsel's travel between Delaware, New Jersey, and/or Pennsylvania. *See id*. Additionally, Plaintiff has again failed to adequately document all of these expenses. *See, e.g., Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at *3. For these reasons, MAIC respectfully requests that Plaintiff's request for his attorneys' travel costs be denied.

### b. **Plaintiff's travel fees**

Neither D. Del. LR 54.1 nor 28 U.S.C. § 1920 provides for Plaintiff to recoup the costs of his own travel and meals. Furthermore, "[g]enerally, parties may not collect witness fees. *See Greene v. Fraternal Order of Police*, 183 F.R.D. 445, 450 (E.D. Pa. 1990)." *Jama Corp. v. Gupta*, 3:99-CV-1574, 2008 U.S. Dist. LEXIS 702, at *33 (M.D. Pa. Jan. 4, 2008). Plaintiff again fails to adequately document these expenses. *See, e.g., Apeldyn Corp.*, 2016 U.S. Dist. LEXIS 98413, at

\*3. For these reasons, MAIC respectfully requests that Plaintiff's request for his own travel costs be denied.

### c.  <u>Boat transportation and storage fees under 28 U.S.C. § 1921</u>

Pursuant to D. Del. LR 54.1(b)(9), "[f]ees for compensation for keepers of boats and vessels attached or libeled are taxable in accordance with 28 U.S.C. § 1921." 28 U.S.C. § 1921 details taxable "United States Marshal's fees." The relevant provision of the statute states:

> The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following:… The keeping of attached property (including boats, vessels, or other property attached or libeled), actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and an hourly rate, including overtime, for each deputy marshal required for special services, such as guarding, inventorying, and moving.

28 U.S.C. § 1921(a)(1)(E). "Interpreting the word 'marshal' in § 1920 to mean a public actor is consistent with § 1921…" *Knowles*, 109 F.4th 141, 143.

Plaintiff requests the following line items related to boat storage and transportation:

- 10/27/2021: Indian River Marina Damaged - Boat Storage - Pursuant to 28 U.S. Code 1921 and due to Defendant's Request and Court Ruling to keep Boat in Locaiton *[sic]* until inspection is completed- **$5,403.75**;

- 10/27/2021: Damaged Boat Transportation Palmeto *[sic]* Yacht- Pursuant to 28 U.S. Code 1921 and due to Defendant's Request to Inspect and Court Ruling to keep Boat in Locaiton *[sic]* until inspection is completed- **$4,000.00**; and

- 1/2021 - 5/2025: Damaged Boat Storage - Pursuant to 28 U.S. Code 1921 and due to Defendant's Request and Court Ruling to keep Boat - Dispute of ownership TCL of Boat- **$21,500.00**.

D.I. 198-3.

These fees are not taxable under 28 U.S.C. § 1921, because these payments were made to *private companies* and not the United States Marshal Service. 28 U.S.C. § 1921. Furthermore, "attachment" of a vessel is the result of the arrest of a *Defendant's* personal property under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure, i.e., a Rule B attachment. *See* U.S.C. Admiralty and Maritime Claims R. B. Plaintiff did not file any aspect of this case in admiralty, much less a Rule B attachment (which exists solely in admiralty). Frankly, the distinction between storage fees resulting from a Rule B attachment and what happened here, the accrual of private storage fees, should have been apparent to Plaintiff's counsel, a board-certified admiralty and maritime attorney.

For these reasons, MAIC respectfully requests that Plaintiff's request for boat transportation and storage fees under 28 U.S.C. § 1921 be denied.

### C.    <u>Conclusion</u>

Plaintiff and his counsel continue to play fast and loose with the Court's orders, rules, and the applicable statutes. Plaintiff did not "file a bill of costs that satisfies District of Delaware Local Rule 54.1," as this Court ordered. D.I. 197. Most of Plaintiff's requested costs are not taxable to MAIC for the reasons above. Furthermore, with his qualifications and experience in over 100 federal and state trials, Plaintiff's lead counsel should have known that the majority of Plaintiff's requested costs were frivolous and not taxable. Under these circumstances, MAIC respectfully requests that the Court/Clerk reduce Plaintiff's requested costs accordingly.

**WHITE AND WILLIAMS LLP**

*/s/ Timothy S. Martin*
**TIMOTHY S. MARTIN (#4578)**
**DARYLL HAWTHORNE-BERNARDO (#6520)**
Courthouse Square
600 N. King Street, Suite 800
Wilmington, DE 19801
(302) 467- 4520
Martint@whiteandwilliams.com
Counsel for Defendant,
*Markel American Insurance Company*

OF COUNSEL:

**HAMILTON MILLER & BIRTHISEL LLP**
Krista Fowler-Acuna (Admitted *Pro Hac Vice*)
150 Southeast Second Avenue
Suite 1200
Miami, FL 33131
Counsel for Defendant,
*Markel American Insurance Company*

Dated: June 4, 2025