IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES STOKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARKEL AMERICAN INSURANCE, | ) | C.A. No. 19-2014-SB |
| | ) | |
| Defendant. | ) | |

## CLERK'S TAXATION OF COSTS

A jury trial was held before the Honorable Stephanos Bibas from February 5, 2025 – February 7, 205.  The jury reached a verdict in favor of James Stokes ("Plaintiff") and against Markel Insurance Company ("Defendant") on February 7, 2025.  On February 12, 2025, Judge Bibas signed a Final Judgment (D.I. 193) in favor of Plaintiff and against Defendant.  Plaintiff is the prevailing party.

District of Delaware Local Rule (LR) 54.1 (as amended effective August 1, 2016) provides that the Clerk may tax costs in favor of the prevailing party. On May 7, 2025, Judge Bibas entered a Memorandum Opinion and Order (D.I. 196 and 197 respectively) in which he partially granted Plaintiff's motion for costs and directed Plaintiff to file a Bill of Costs in accordance with Local Rule 54.1 within fourteen days of the order.  Within fourteen days of that filing, Defendant was permitted to file any objections in accordance with Local Rule 54.1.  Plaintiff filed his Bill of Costs on May 21, 2025.  (D.I. 198).  Defendant filed its objections on June 4, 2025.  (D.I. 199).  Plaintiff requests the Clerk tax costs against Defendant in the amount of $193,491.08.

The Clerk finds the bill of costs and objections to be timely.

THEREFORE, IT IS ORDERED, that:

I.      The entire bill of costs is **GRANTED IN PART AND DENIED IN PART.**

II.     As to **every request** the Clerk makes the following findings:

1) As to each request Plaintiffs must show compliance with Local Rule 54.1(a)(2), which states: "The bill of costs **shall clearly describe each item of cost** and comply with the provisions of 28 U.S.C. § 1924."  (emphasis added).  Plaintiffs must "clearly describe" each item in a manner that permits the Clerk, and Defendants to determine the reasonableness and necessity of each request.  Plaintiff submitted a form AO 133, a one-page declaration and 154 pages of invoices and receipts in no discernable order, impacting the Clerk's ability to assess the reasonableness and necessity of each request.

2) The Court or Clerk may tax costs in accordance with 28 U.S.C. § 1920. Section 1920 is broader in scope than LR 54.1.  Any resolution of a dispute regarding whether or not costs were "necessarily incurred", and therefore taxable under § 1920, is a discretionary matter for resolution by the Court.

**III.**    The Clerk makes **additional findings,** regarding specific items, as follows:

**A) Fees of the Clerk**

1) Title 28 U.S.C. § 1920 states in pertinent part, "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal."

2) Plaintiff requests reimbursement of $15.55 in fees of the Clerk but does not state what fees(s) is covered by this cost or cite to a receipt for this amount.  According to Local Rule 54.1a2, "The bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924."

3) The request for fees of the Clerk in the amount of $15.55 is **DENIED**.

**B) Fees for Service of Summons and Subpoena**

1) Plaintiff seeks reimbursement of $780.00 in fees for service of summons and subpoena.

2) Although Local Rule 54.1 does not specifically address the taxing of these costs, Title 28 U.S.C. § 1920(1) provides that the Clerk may tax fees of the marshal as costs.  Further, Title 28 U.S.C. § 1921(a)(1)(B) provides that marshal's fees regarding the "serving of a subpoena or summons . . ." are taxable.

3) Notwithstanding the above, the Clerk does not see a receipt for this amount in the supporting documentation or a listing of who was served.  Defendant points to this same issue in its objection stating: "Plaintiff does not list who was served, when or by whom."  Defendant further indicates that hidden in the supporting documentation are invoices regarding services of subpoenas, however the amount does not equal the Plaintiff's requested amount of $780.00.

4) Accordingly, Plaintiffs' request for $780.00 in fees for service of summons and subpoena is **DENIED.**

**C) Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case**

1) LR 54.1(b)(2) provides: "The costs of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the Court, **are taxable when requested by the Court or prepared pursuant to**

2

**stipulation** (emphasis added).  Mere acceptance by the Court does not constitute a request.  Copies of transcripts for counsel's own use are not taxable."

2) Plaintiff is seeking $3,367.18 for the cost of deposition transcripts.  Plaintiff does not state that the transcripts were requested by the Court or that the transcripts were prepared pursuant to stipulation as required under LR 54.1(b)(2).

3) LR 54.1(b)(3) states that "The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only where a substantial portion of the deposition is used in the resolution of a material issue case.  Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition.  Notary fees incurred in connection with taking depositions are taxable."

4) Defendant objects and states that "The Rules do not entitle Plaintiff to recover costs for these transcripts because Plaintiff did not actually use a substantial portion of these deposition transcripts in the resolution of a material issue in the case and did not necessarily obtain them for use in the case."  Had Defendant not given the Clerk the information regarding what these transcripts were used for, the Clerk would not have known based solely on Plaintiff's submission.  Once again, Plaintiff did not provide enough information for the Clerk to determine the reasonableness and necessity of the request.

5) The Clerk finds that Plaintiffs fail to meet the requirements of LR 54.1(b)(2), 54.1(b)(3) and 28 U.S.C. § 1920.  The request for transcript costs/deposition costs in the amount of $3,367.18 is **DENIED.**

## D) Fees and Disbursements for Printing

1) Title 28 U.S.C. § 1920 states in pertinent part, that a judge or clerk of any court of the United States may tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

2) LR 54.1(b)(5) states, "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable.  The cost of one copy of a document is taxable when admitted into evidence.  The cost of copies obtained for counsel's own use is not taxable.  The fee of an official for certification or proof concerning the nonexistence of a document is taxable. The reasonable fee of a translator is taxable if the document translated is taxable.  Notary fees are taxable if actually incurred, but only for documents which are required to be notarized and filed.  The cost of patent wrappers and prior art patents are taxable at the rate charged by the Patent Office.  Expenses for services of persons checking Patent Office records to determine what should be ordered are not taxable."

3) Plaintiff requests $18,540.00 in costs for printing.  As stated above, Plaintiff submitted a form AO 133, a one-page declaration and 154 pages of invoices and receipts in no discernable order.  The Clerk cannot clearly ascertain from the receipts provided what was printed and for what reason.

4) Pursuant to LR 54.1(a)(2) Plaintiffs' request for fees and disbursements for printing is **DENIED.**

### E) Fees for Witnesses

1) Rule 54.1(b)(4) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware states:  "Witness Fees, Mileage and Subsistence. The rates for witness fees, mileage and subsistence are fixed by 28 U.S.C. § 1821.[1] Such fees are taxable even though the witness does not take the stand, provided the witness attends Court. Witness fees and subsistence are taxable only for the reasonable period during which the witness is within the district."

2) Plaintiff requests $70,033.35 in witness fees for the following "witnesses":

Stephen Welch – Attended Inspection to assist experts for both parties – $350.00
Charles Stephens – Plaintiff's Expert Witness and Marine Surveyor – $48,827.01
Rimkus Consulting – Drew Hains – Engineer and Naval Architect – $19,295.43
Jonathan K. Klopman – Defendant's Marine Surveyor – $1,560.91

3) Plaintiff does not inform the Clerk if any of these witnesses were deposed, if they attended trial or if these witnesses even appeared in the district and for how long.

Taking each witness in turn:

    a.  <u>Stephen Welch</u> – the Bill of Costs requests $350.00 for Mr. Welch's attendance at an inspection to assist experts for both parties.  It does not indicate whether Mr. Welch was deposed or if he attended trial.  Therefore, these costs will be denied.

    b.  <u>Charles Stephens</u> – In the exhibits submitted by Plaintiff in support of the Bill of Costs, there are two invoices from Mr. Stephens dated May 28, 2020 and April 6, 2025.  (D.I. 199-2 at StokesCosts-017-8).[2]  The Clerk cannot deduce from reading these invoices if Mr. Stephens was deposed or if he

---

[1]    Pursuant to 28 U.S.C. § 1821 (b), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance."

[2]    Defendant helpfully bates labeled the exhibits submitted by Plaintiff with his Bill of Costs. (D.I. 199-2; StokesCosts-001-154).  For ease of reference, the Clerk cites to those exhibits.

attended trial. **Defendant** informs the Clerk in its objections to the Bill of Costs that "Mr. Stephens was not deposed and only virtually participated in his examination on the afternoon of the first day of trial." (D.I. 199 at 12). Based on this representation, the Clerk will award $40.00 in costs for Mr. Stephens' virtual attendance at trial for one day.

c.  Rimkus Consulting – Drew Hains – In parsing through the 154 pages of exhibits, the Clerk notes an invoice dated February 19, 2025 from Rimkus Consulting evidencing that Drew Hains attended two days of trial – February 5 and 6, 2025. (D.I. 199-2 at StokesCosts-072-3). Additionally, the invoice lists costs for auto mileage, airfare, parking and tolls, hotel, reference material, meals and car service. The Clerk cannot locate any documentation for these costs in the exhibits submitted. Therefore, the Clerk will award $80.00 in costs for Mr. Hains attendance at two days of trial.

d.  Jonathan K. Klopman – Plaintiff requests $1,560.91 in costs related to Mr. Klopman. In the exhibits submitted with the Bill of Costs, there is an invoice dated May 17, 2021 from Mr. Klopman for his attendance at his deposition on May 14, 2021 in the amount of $1,560.01. (D.I. 199-1 at StokesCosts-043). In its objections, Defendant informs the Clerk that by email dated February 4, 2025, Judge Bibas ordered Plaintiff to pay this cost. The email is not attached to Defendant's objections. Having no reason to disbelieve Defendant and taking Defendant at its word, the Clerk will deny these costs.

**F)  Fees for Exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case**

1)  Plaintiff requests $1,826.60 under this category on the Bill of Costs. As Defendant points out, "Plaintiff provides no vendor invoices, receipts, or explanations to support this request. Instead, he only presents a bill from Neblett Law Group to Plaintiff including fees for 'Photocopies/Printing,' which total $1,826.60." (D.I. 199 at 14). The Clerk agrees with this assessment and therefore will deny this request for lack of information in which to analyze the merits thereof.

**G)  Docket fees under 28 U.S.C. § 1923**

1)  Plaintiff seeks reimbursement of $401.00 for docket fees under 28 U.S.C. § 1923.

2)  Title 28 U.S.C. § 1923(a) states, in pertinent part, that "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing (including a default judgement

whether entered by the court or by the clerk) in civil, criminal, or admiralty cases…".

3) The Clerk finds that Plaintiff's request is inconsistent with 28 U.S.C. § 1923. Accordingly, the request for reimbursement of docket fees is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded a reduced amount of $20.00.

## H) Other Costs

1) Plaintiff requests $98,527.40 under this category on the Bill of Costs.

2) According to Local Rule 54.1(b)(11) "Claims for costs other than those specifically mentioned in the preceding paragraphs of subpart (b) of this Rule ordinarily will not be allowed, unless the party claiming such costs substantiates the claim by reference to a statute or binding court decision."

3) Title 28 U.S.C. § 1921(a) states, in pertinent part, "The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following: … The keeping of attached property (including boats, vessels, or other property attached or libeled), actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and an hourly rate, including overtime, for each deputy marshal required for special services, such as guarding, inventorying, and moving."

4) Plaintiff provides an itemized breakdown at D.I. 198-3, which the defendant points out can be broken down "into three categories— 1) Plaintiff counsel's travel expenses, 2) Plaintiff's travel expenses, and 3) boat transportation and storage fees pursuant to 28 U.S.C. §1921." The Clerk agrees with this assessment.

5) The Clerk further finds with regards to all items listed in categories 1) and 2) as defined by the defendant in their objections (D.I. 199), Plaintiff fails to substantiate their claim by referencing "a statute or binding court decision" as required by Local Rule 54.1(b)(11).

6) The remaining three claims identified by the defendant as "boat transportation and storage fees pursuant to 28 U.S.C. §1921" are also unclear. Defense argues that "These fees are not taxable under 28 U.S.C. § 1921, because these payments were made to private companies and not the United States Marshal Service" as cited under 28 U.S.C. § 1921. The Clerk agrees. Plaintiff's request for costs under this category is DENIED.

## IV.    CONCLUSION

The Clerk finds, for all the reasons stated herein, that Plaintiff's request for costs in the total amount of $193,491.08 is **GRANTED IN PART AND DENIED IN PART.**  The total costs hereby taxed in favor of Plaintiff and against Defendant together with interest and the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), are as follows:

1.    Fees of the Clerk……………………………..........................DENIED
2.    Fees for Service of Summons and Subpoena.............................DENIED
3.    Transcript fees/Deposition Costs……………...........................DENIED
4.    Fees for Printing……………………………............................DENIED
5.    Fees for Witnesses……………………………........................$120.00
6.    Fees for Exemplification/Copies…………….............................DENIED
7.    Docket fees under 28 U.S.C. 1923…………….............................$20.00
8.    Other Costs..............................................................................DENIED

**TOTAL**.......................................................................................**$140.00**

Dated:  October 28, 2025

Randall Lohan, Clerk
United States District Court
for the District of Delaware

By:        /s/ Robert Rebeck
           Chief Deputy Clerk

cc:    Honorable Stephanos Bibas
       Michael B. McCauley, Esquire
       Daryll Hawthorne-Williams, Esquire
       Timothy S. Martin, Esquire
       Randall Lohan, Clerk