## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAMES STOKES,

    Plaintiff,

v.

MARKEL AMERICAN
INSURANCE COMPANY,
a foreign corporation,

    Defendant.

C.A. No. 1:19-cv-02014-SB

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF TAXATION OF COSTS AND FOR LEAVE TO FILE AMENDED BILL OF COSTS

Plaintiff, JAMES STOKES, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 54 and D. Del LR 54.1, hereby files this Motion for Reconsideration of the Clerk's Taxation of Prevailing Party Costs [D.E. 204], and for Leave to File Amended Bill of Costs and in support thereof states as follows:

### INTRODUCTION

The Court entered Judgment in favor of Plaintiff following a Jury Verdict in his favor – which was rendered within minutes of the start of deliberations, confirming with emphasis that Defendant, MARKEL AMERICAN INSURANCE COMPANY, improperly withheld $646,000.00 – full policy limits – from Mr. Stokes since the time that his boat sank as a result of Hurricane Michael in October 2018. Despite initially acknowledging coverage for the loss, MARKEL belatedly proclaimed a denial based upon a novel theory of design defect, rejected by a jury, to hold onto Mr. Stokes' due indemnity for more than five (5) years. Defendant removed this case twice, once from Florida State Court to Federal Court and then to the District of Delaware,

all while refusing to move Mr. Stokes' vessel back to Florida despite multiple demands to do so, improperly maintaining possession of his vessel without declaring the vessel a total loss. Defendant kept the vessel in a remote location, requiring Plaintiff's experts to fly out of state multiple times for inspections and again for Trial.

To fully compensate Mr. Stokes, the Court must reconsider the clerk's taxation of costs, entered on October 28, 2025. See Clerk's Taxation of Costs, attached hereto as Exhibit "A." By way of this Taxation, the clerk taxed costs in this matter but declined to allow certain cost entries submitted by Plaintiff in the Bill of Costs. The amount listed within Plaintiff's bill of costs is the amount Plaintiff actually spent on this litigation and there is no dispute as to same. Plaintiff's bill of costs amounted to a total of One Hundred and Ninety-Three Thousand, Four Hundred and Ninety-One Dollars and Eight Cents ($193,491.08). However, the clerk only elected to award Plaintiff One Hundred and Forty Dollars ($140.00), a mere 0.072% of Plaintiff's total claimed costs, despite Plaintiff securing a unanimous jury verdict in his favor.

Plaintiff respectfully requests reconsideration of those disallowed entries on two key grounds: (1) Certain disallowed items are in fact taxable under 28 U.S.C. § 1920 and Rule 54(d)(1), because they were *"necessarily obtained for use in the case"* and involve copies/exemplifications made pursuant to a prior court order, and expert-witness travel and cost invoices for Plaintiff's retained experts; and (2) Plaintiff stands ready, willing, and able to supplement and clarify the Bill of Costs (and underlying invoices) as the Court requested.

Plaintiff, as the prevailing party in this litigation, is entitled to an award of reasonable costs. "Unless otherwise ordered by the Court, the prevailing party shall be entitled to costs." D. Del. LR 54.1(a)(1). Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part: "Unless a federal

statute, [the Federal Rules], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Section 1920 sets out the categories of taxable costs:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828. 28. U.S.C. §1920.

Even if Rule 54(d) or a federal statute provides for costs, courts have some discretion in imposing responsibility for payment. Rule 54(d)(1) states that costs "should be" allowed, but there is a strong presumption to tax costs for the prevailing party. Specifically, most courts permit the consideration of the losing party's indigence in taxing costs. See Rivera v. City of Chicago, 469 F.3d 631, 634–37 (7th Cir. 2006). The good faith of the losing party is not a reason to deny taxation of costs in Federal Court. See Pacheco v. Mineta, 448 F.3d 783, 793–95 (5th Cir. 2006). When experts appear at trial, they are of course eligible for the fee provided by § 1920 and § 1821." Id.

Here, many of Plaintiff's costs clearly are taxable, yet the clerk declined to award same, such as the filing fee and summons included on page 8 of Plaintiff's Expense Backup for Bill of Costs. See D.E. 198-2 at p. 8.

## ARGUMENT

### I. Plaintiff is Entitled to an Award of Costs

Plaintiff, as the prevailing party in his breach of contract action by way of a unanimous jury verdict awarding a liquidated and certain sum, is entitled to an award of costs and this Court

3

should reconsider the taxation of costs to reflect the amount of costs which Plaintiff is entitled to. Under Federal Rule of Civil Procedure 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also Marx v. Gen. Revenue Corp., 568 U.S. 371 (2013); see also 6 J. Moore, Moore's Federal Practice § 54.71[1], p. 54–304 (2d ed. 1996).

### a. Under Delaware Substantive Law, Plaintiff is Entitled to an Award of Costs

The Local Rules for the District of Delaware mirror the Federal Rules and provide that "[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs." D. Del. LR 54.1(a)(1); see Graham, 616 A.2d at 828 (Rule 54(d) is substantially similar to Federal Rules of Civil Procedure Rule 54(d). The latter also allows the prevailing party to recover costs. . . ). Rule 54(d) provides that a prevailing party is entitled to recover litigation costs from its adversary. Cent. Delaware Branch of Nat. Ass'n for Advancement of Colored People (NAACP) v. City of Dover, Del., 123 F.R.D. 85, 94 (D. Del. 1988).

Also pertinent is a portion of 10 Del. C. § 5101, which provides that "a party for whom final judgment [has been entered] in any civil action ... shall recover, against the adverse party, costs of suit, to be awarded by the court." This is also consistent with the provisions of Del. Super. Ct. Civ. R. 58, requiring the prompt entry of judgment for the party in whose favor the jury rendered a verdict.

### b. Copies/Exemplifications of Documents and Photographs were Necessarily Obtained Pursuant to Court Order

The clerk declined Plaintiff's request to tax costs for multiple sets of document and photograph copies on the grounds that Plaintiff did not sufficiently show necessity. Under § 1920(4), costs for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable. Plaintiff respectfully submits that

4

there are multiple prior court orders in this case requiring that Plaintiff provide the Court and the jury with multiple sets of our documents and photographs. On January 23, 2025, this Court Ordered Plaintiff "to send defendant premarked exhibits, sent by Monday, January 27, at 5 pm EST using express mail." See D.E. 173. Another Court Order was entered by the Court on January 30, 2025, and specifically mandated

> The parties may share a set of copies of Exhibits 6, 7, and 9. The party that expects to introduce these exhibits first shall print and bring them to the courtroom; the parties shall split the cost of printing these shared exhibits. Plaintiff need not bring ten copies of Exhibits 16, 78, and 79, but he must bring at least three: one for opposing counsel, one for the jury, and one for me.

See D.E. 177. Plaintiff provided proof to the Court of incurring these expenses. See D.E. 98-2 at p. 9. As these documents and photographs were required of by Plaintiff to provide the Court, the jury, and Defendant, these costs are taxable under Fed. R. Civ. P. 54 and, therefore, Plaintiff respectfully urges this Court to reconsider the clerk's decision not to award Plaintiff the cost of printing and mailing these documents.

### c. Travel and Invoice Costs for Expert Witnesses are Taxable

The clerk also denied or reduced the cost entries associated with the retained expert witness, Dr. Drew Hains, on the ground of insufficient documentation or improper categorization. Plaintiff submits that invoices and travel expense records for Dr. Hains were submitted to the clerk were necessary for expert testimony in the case and that Plaintiff submitted these expenses in the form which the clerk provided. Plaintiff will supplement these expense records should this Court allow Plaintiff to do so. Although § 1920(6) covers "compensation of court-appointed experts," the prevailing practice is that parties may recover witness fees and necessary related expenses under § 1920, specifically for fact witnesses under § 1821; expert fees are generally not taxable unless provided by statute, but travel/subsistence expenses for expert witnesses may be taxable

when necessarily incurred. Here, Plaintiff submits that there is good cause for this Court to reconsider the taxation of costs, as the clerk recognized that Plaintiff's expert witnesses are entitled to be paid their $40 per day attendance fee out of the costs for their travel and substance under §1920 and §1821. See Norfolk Dredging Co. v. M/V A.V. Kastner, 264 F. Supp. 2d 265, 267 (E.D. Va. 2003) (maritime case applying § 1920 limits to taxable expert fees). However, these other costs should have been awarded by the clerk. This Court, as an Article III court sitting in admiralty, follows the same statutory limitations for clerk-taxable costs, including that the travel and attendance fees of experts are to be paid to the prevailing party in a civil litigation, in this case, to Plaintiff. Mr. Hains' invoices, which were provided to this Court and the clerk, expressly detail the charges incurred by Mr. Hains in attending Trial and travelling to same, including his flight to Trial and local travel to hotel in the amount of $1,485.00, travel to the airport in the amount of $495.00, and flight back from Trial to South Florida in the amount of $1,980.00. See D.E. 198-2, at p. 72. Mr. Hains' expenses are detailed further on the following page, including $50.40 spent on auto mileage, $848.97 spent on airfare, $90.00 spent on parking and tolls, $523.73 spent on hotels, $68,52 spent on meals, and $123.32 spent on car service. See D.E. 198-2, at p. 73.

### d. Plaintiff's Deposition Transcript Costs are Recoverable

A judge or clerk of any court of the United States may tax as costs the following: (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case 28 U.S.C. §1920(2). Plaintiff provided this Court and the clerk with proof of his fees incurred by obtaining deposition transcripts which were used at Trial. See D.E. 198-2, at p.30-37. Therefore, this Court should reconsider the taxable costs granted by the clerk and award Plaintiff the cost of obtaining these deposition transcripts.

### e. Supplementation and Clarification Will Resolve the Invoice-Documentation Issue

The clerk declined certain cost entries on the ground that the invoices or supporting documentation were insufficiently itemized or explained. Plaintiff respectfully submits that these deficiencies can readily be addressed: should the Court allow it, Plaintiff is willing to and will promptly supplement the Bill of Costs with detailed invoices, cancellations, receipts, payment records, and an affidavit verifying that the expenses were "actually and necessarily incurred in the case" pursuant to 28 U.S.C. § 1924 within a reasonable time following the filing of this Motion.

## CONCLUSION

Plaintiff has shown that under the Federal Rules, applicable Federal and State statutes, as well as their interpretive case law, that Plaintiff is entitled to an award of costs, pre-judgment interest, and post-judgment interest following the unanimous jury verdict which was issued in this case and rendered in Plaintiff's favor. Plaintiff submits that good cause exists for this Court to reconsider the clerk's taxation of costs as Plaintiff is willing to and can promptly supplement the Bill of Costs with detailed invoices, cancellations, receipts, payment records, and an affidavit verifying that the expenses were "actually and necessarily incurred in the case" pursuant to 28 U.S.C. § 1924 within a reasonable time following the filing of this Motion.

**WHEREFORE**, Plaintiff, JAMES STOKES, respectfully requests that this Honorable Court: (i) Reconsider the clerk's Taxation of Costs; (ii) **GRANT** this instant Motion; (ii) award Plaintiff all his taxable costs incurred in the bringing of this suit against Defendant; (iii) allow for Plaintiff to submit a supplemental/amended bill of costs and (iv) for any other relief the Court deems just and proper.

## CERTIFICATION PURSUANT TO D. DEL. LR 7.1.1

Pursuant to D. Del. LR 7.1.1, counsel for Plaintiff hereby certifies that a reasonable effort has been made to reach agreement with counsel for Defendant on the matters set forth in the instant motion; however, no agreement was able to be reached.

Respectfully submitted,

**SALMON RICCHEZZA SINGER & TURCHI** LLP

*/s/ Kyle R. Brady*
Kyle R. Brady, Esq. (DE ID #6763)
222 Delaware Avenue, 11th Floor
Wilmington, DE 19801
Phone: (302) 655-4290
Fax:     (302) 655-4291
kbrady@srstlaw.com
*Delaware Counsel for Plaintiff,*
*James Stokes*

Dated: November 4, 2025

OF COUNSEL:

**NEBLETT LAW GROUP**
David A. Neblett, Esq. (Admitted *Pro Hac Vice*)
James M. Mahaffey, III, Esq. (Admitted *Pro Hac Vice*)
2550 South Bayshore Drive, Suite 211
Miami, FL 33133