**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES STOKES, | : | |
| | : | C.A. No.    1:19-cv-02014-SB-MPT |
| PLAINTIFF, | : | |
| | : | |
| v. | : | TRIAL BY JURY OF TWELVE |
| | : | DEMANDED |
| MARKEL AMERICAN INSURANCE | : | |
| COMPANY, a foreign corporation, | : | |
| | : | |
| DEFENDANT. | | |

**DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW THE CLERK'S ORDER TAXING COSTS AND FOR LEAVE TO FILE AMENDED BILL OF COSTS**

Defendant, Markel American Insurance Company ("MAIC"), through undersigned counsel, hereby responds to, and opposes, Plaintiff's Motion to Review (styled as a "Motion for Reconsideration") the Clerk's Order Taxing Costs and For Leave to File Amended Bill of Costs. In addition, MAIC incorporates its objections to the Bill of Costs and it has attached it to this Opposition. *See* Objections to Bill of Costs (Ex. A).

## LEGAL ANALYSIS

**I.    STOKES' COUNSEL CONTINUES TO FLOUT COURT RULES BY MISSING THE DEADLINE FOR FILING HIS MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS**

On February 12, 2025, this Honorable Court entered Final Judgment in favor of Plaintiff Stokes on his sole remaining claim for breach of contract and ordered Defendant MAIC to pay a stipulated amount of $646,000.00. [D.I. 193]. Plaintiff subsequently filed a Bill of Costs totaling $193,491.08. [D.I. 198]. On October 28, 2025, the Clerk taxed costs against MAIC in the amount of $140.00. [D.I. 204]. Plaintiff now seeks review of the Clerk's award. [D.I. 205].

Under Federal Rule of Civil Procedure 54(d)(1), Plaintiff had seven days to seek review of the Clerk's taxation of costs. Plaintiff moved for review on November 4, 2025, the seventh day.

However, under § (F) of this Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means, filings (other than initial pleadings) must be submitted by 5:00 p.m. Eastern Time to be considered timely. Documents filed after that deadline are deemed filed the following business day. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17-151-LPS, 2023 U.S. Dist. LEXIS 63095, at *10 n.10 (D. Del. Apr. 11, 2023) ("The motion is timestamped as having been filed on Friday, January 20, 2023. However, as it was filed after 5:00 p.m. that day, it is not considered to have been filed until Monday, January 23, 2023. . . ."). Plaintiff missed the 5:00 p.m. deadline by almost an hour; accordingly, his motion is untimely. *See* Notice of Electronic Filing for D.I. 205 (Ex. B).

MAIC acknowledges that the Third Circuit has held the Rule 54(d)(1) deadline is not jurisdictional. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 459 (3d Cir. 2000). Nonetheless, the Court emphasized that discretion to consider a late-filed motion should be exercised only where the delay is justified by a good reason, such as "a delay in the mails or a potentially misleading local rule." *Id.* Plaintiff has offered no such justification.

This late filing is part of a broader pattern of disregard for this Court's rules and procedures. For instance, Plaintiff's Bill of Costs was due by 5:00 p.m. on May 21, 2025. [D.I. 197]. It was filed at 6:05 p.m. EDT—over an hour late. *See* Notice of Electronic Filing for D.I. 198 (Ex. C). The Clerk nevertheless considered the submission.

Tardiness is not the only issue. Plaintiff's counsel has repeatedly submitted disorganized filings with voluminous exhibits, effectively shifting the burden to the Court and opposing counsel to decipher them. The Court has already sanctioned Plaintiff's counsel for failing to properly identify trial exhibits and for not producing a sufficient exhibit list prior to the pretrial conference.

*See* Trial Tr., 02/05/25, 8:3–13:8 (Ex. D). The Court imposed a $500 sanction for noncompliance with pretrial orders, which remains unpaid. *See id.*

The Clerk correctly noted that the supporting documentation for Plaintiff's Bill of Costs was disorganized and failed to substantiate many of the claimed expenses. Plaintiff now seeks a second opportunity to correct these deficiencies. But this Court should not permit it—particularly given Plaintiff's repeated failure to meet deadlines and procedural obligations.

This Court has afforded Plaintiff and his counsel ample opportunity to comply with its rules. Yet, they continue to disregard them. Both the Court's admonishments and monetary sanctions have proven ineffective. For these reasons, and those set forth above, Defendant respectfully requests that the Court decline to review the Clerk's well-reasoned taxation of costs or permit Stoke to further amend his bill of costs to correct deficiencies that were in his counsel's control and should have been presented at the time of filing.

## II.     THE CLERK TAXED ALL THE COSTS STOKES WAS DUE

Stokes begins his legal argument by citing to both federal and Delaware state law on the taxation of costs.  [D.I. 205, p. 4].  However, only federal law applies.  Stokes cites to no authority where the federal court has adopted the forum state's law on taxation of costs as its own. Accordingly, MAIC will consider only federal law when evaluating the three specific costs that Stokes' challenges.

### A.     The Clerk Correctly Did Not Award Costs for Copies and Exemplification of Documents and Photographs

Stokes requested taxation of $1,826.60 in costs for exemplification and the costs of making copies. The Clerk noted that Stokes provided no invoices, receipts, or explanation to support the request—other than a law firm invoice that vaguely referenced charges for photocopying and printing, without further detail. [D.I. 204, p. 5]. The Clerk found this documentation insufficient

to support the claimed expense. [*Id.*] The Clerk's position is consistent with the law of this Circuit. *See, e.g., Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 181 (3d Cir. 2001) ("In this case, the record contains a one-page statement of costs, and an Affidavit swearing to their accuracy. The one-page statement contains dates and descriptions, but does not include supporting data explaining the relevant purpose of the expenditures. Counsel failed to provide the District Court with any reasonable basis justifying the expenditures in this case. There is no evidence in the record under which we can evaluate whether the District Court abused its discretion in allowing the claim for costs."); *Coal. to Save Our Children v. State Bd. Of Educ.*, 901 F. Supp. 824, 835 (D. Del. 1995) ("Lucas has failed to adequately document his request and he shall not be granted reimbursement for said costs.").

In his Motion, Stokes points to an invoice from Reliable related to copying. [D.I. 205, p. 4]. However, the invoice is dated February 11, 2025—after the trial, which was held February 5–7, 2025—and lists a due date of March 13, 2025  *See* Reliable Invoice (Ex. E). The invoice does not indicate any connection to this case or the trial. *See id.* Moreover, $475.00 of the invoice is for "Shipping/Courier Services," which are not taxable costs. *See In re Penn Cent. Transp. Co.,* 630 F.2d 183, 191 (3d Cir. 1980) ("This court disallows costs for the following non-inclusive list of items: postage and courier fees, overtime, unreasonable author's alterations, motions, and 'non-filed' documents"); *Melissa G. v. Sch. Dist. of Phila.*, 2008 U.S. Dist. LEXIS 2871, at *17 (E.D. Pa. Jan. 14, 2008) ("Costs for courier and postal services are not taxable in the Third Circuit.").

If the Court is nonetheless inclined to tax any portion of Plaintiff's printing costs, MAIC respectfully reminds the Court that Plaintiff's counsel's own failure to comply with this Court's orders and instructions almost certainly contributed to excessive printing expenses. Plaintiff's counsel caused repeated delays by failing to timely provide defense counsel with a "proper list of

-4-

51035251v.1

proposed exhibits… identify[ing] specific exhibits, with Bates number, titles, and other information sufficient to identify each proposed exhibit." [D.I. 168 (Oral Order)]. In response, the Court ordered Plaintiff's counsel to provide such a list by January 21, 2025. [D.I. 168, D.I. 169]. On January 22, 2025, defense counsel notified the Court that Plaintiff had served a Revised Exhibit List but had not served any premarked exhibits for Defendant's review. [D.I. 172]. The Court then "ORDER[ED] plaintiff to send defendant premarked exhibits, sent by Monday, January 27, at 5 p.m. EST using express mail." [D.I. 173].

Plaintiff subsequently requested relief from printing "duplicates of Defendant's proposed Exhibits 6, 7, and 9" and permission to "only print one (1) color copy of Plaintiff's proposed Exhibits 16, 78, and 79." D.I. 176. The Court granted this relief, ordering the parties to "split the cost of printing [proposed Exhibits 6, 7, and 9]" and permitting Plaintiff to print only three (3) copies of his proposed Exhibits 16, 78, and 79. [D.I. 177].

In addition to ordering Plaintiff produce premarked exhibits, the Court imposed a $500 sanction—still unpaid—against Plaintiff's counsel for failing to comply with orders related to the trial exhibit list and premarked exhibits. *See* Trial Tr., 02/05/25, 8:3–13:8 (Ex. D). Because the printing and delivery of premarked exhibits were ordered in response to Plaintiff's counsel's noncompliance, it would be inequitable to shift those costs to MAIC.

Under these circumstances, if the Court is inclined to tax printing costs, MAIC respectfully requests that the Court require Plaintiff to support his request with adequate documentation and disallow any costs related to shipping/courier services and the printing of exhibits subject to D.I. 173.

51035251v.1

**B.    The Court Correctly Disallowed Costs for Travel and Subsistence Costs of His Expert Witness, Drew Hains**

Stokes next contends that the Clerk did not tax sufficient costs related to his expert, Drew Hains. Motion, p. 6. The Clerk did tax $80 in costs, which is authorized under 28 U.S.C. § 1821(b) as Mr. Hains attended two days of trial. [D.I. 204, p. 5]. No party disputes the appropriateness of this taxation.

Rather, Stokes argues that the Clerk should have taxed Hains's travel and subsistence costs. The Clerk declined to do so because Stokes provided insufficient supporting documentation. [D.I. 204, p. 5]. Specifically, Stokes submitted an invoice from Hains listing costs for auto mileage, airfare, parking and tolls, hotel rates, reference materials, meals, and car services—but provided no receipts or other documentation to substantiate these expenses. *See* Hains Invoice (Ex. F).

The Clerk properly declined to tax Plaintiff's claimed expert-related travel and subsistence costs due to Plaintiff's failure to provide adequate documentation. Under federal law, recoverable costs must be both authorized by statute and substantiated by evidence. 28 U.S.C. § 1920.

Under 28 U.S.C. § 1920, a prevailing party may recover certain enumerated costs, including "[f]ees and disbursements for witnesses." This provision is further governed by 28 U.S.C. § 1821, which sets the parameters for reimbursable witness expenses. Section 1821(c)(1) explicitly provides: "A witness who travels by common carrier shall be paid for the actual expenses of travel . . . A receipt or other evidence of actual cost ***shall*** be furnished." (emphasis added).

Similarly, § 1821(c)(3) mandates that parking and toll charges are reimbursable only upon presentation of a valid receipt. Lodging and subsistence allowances are also subject to federal *per diem* limits. *Id.* at § 1821(d)(2). In this case, Plaintiff failed to submit any receipts or itemized support for the expert's claimed expenses. Courts routinely deny requests for costs where the requesting party fails to meet the evidentiary burden. *See, e.g.*, *Crawford Fitting Co. v. J.T.*

-6-

*Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (holding that courts may not award costs beyond those authorized by § 1920 and § 1821); *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1369 (Fed. Cir. 2011) (affirming denial of expert travel costs due to lack of documentation).

Without receipts or other evidence of actual cost, the Clerk had no basis to determine whether the claimed expenses were reasonable, necessary, or even incurred. Plaintiff's failure to comply with statutory requirements and court rules fully justifies the Clerk's refusal to tax these costs.

MAIC acknowledges that, absent a receipt, a party may sometimes support a Bill of Costs with an affidavit if the affiant has personal knowledge of the facts:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

28 U.S.C. § 1924. Plaintiff's counsel did sign an unsworn declaration with the Bill of Costs, but it was made on "information and belief," not on personal knowledge. *See* Affidavit (Ex. G). Assertions made on "information and belief" do not satisfy the standard required by 28 U.S.C. § 1924 because they do not suggest that the affiant has knowledge of the facts and can swear to their correctness. Rather, that phrase suggests secondhand or indirect knowledge. *C.f., United States ex rel. Denis v. Medco Health Sols., Inc.*, No. 11-684-RGA, 2017 U.S. Dist. LEXIS 1357, at *26 (D. Del. Jan. 5, 2017) (in q*ui tam* action, relator is not an "original source" when the relator's allegations were made on "information and belief" suggesting relator did not have direct knowledge of the allegations); *United States ex rel. Schumann v. AstraZeneca PLC*, 2012 U.S. Dist. LEXIS 44708, 2012 WL 1071133, at *4 (E.D. Pa. Mar. 30, 2012) (pleadings based on information and belief "cannot support the requisite direct and independent knowledge to qualify

-7-

as an original source"), *aff'd*, 769 F.3d 837 (3d Cir. 2014); *United States ex rel. Unite Here v. Cintas Corp.*, 2007 U.S. Dist. LEXIS 98776, 2007 WL 4557788, at *15 (N.D. Cal. Dec. 21, 2007) ("The essence of allegations made on information and belief is that they are not made based on direct, personal knowledge.").

The affidavit simply does not set forth any indicia of reliability to support the claimed costs.

### C.    The Court Correctly Determined That Copies of Deposition Transcripts Were Not Taxable Since The Transcripts Were Not Substantially Used at Trial

Finally, Stokes objects to the Clerk's disallowance of fees for printed or electronically recorded transcripts allegedly obtained for use in this case. In disallowing this claim, the Clerk relied on Local Rule 54.1(b)(2), which provides:

> Transcript Fees. The costs of the originals of a trial transcript, a daily transcript, and of a transcript of matters prior or subsequent to trial, furnished to the Court, are taxable when requested by the Court or prepared pursuant to stipulation. Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable.

[D.I. 206, pp. 2–3]. The Clerk correctly noted that Stokes did not assert that the Court requested the transcripts or that they were prepared pursuant to stipulation. [D.I. 206, p. 3].

Stokes now attempts to clarify the request as concerning deposition transcripts. Local Rule 54.1(b)(3) governs deposition costs and permits taxation only when "a substantial portion of the deposition is used in the resolution of a material issue in the case":

> Deposition Costs. The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only where a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition.

[D.I. 206, p. 3]. Plaintiff fails to address the requirement that "a substantial portion of the deposition is used in the resolution of a material issue in the case." He did not address it even though it was the basis for the Clerk not taxing that cost. [D.I. 204. p. 3].

In objecting to Plaintiff's Bill of Costs, defense counsel determined that $3,367.18 corresponds to the total expenses billed for the depositions of Jonathan Klopman ($1,046.10), Robert K. Taylor, MS, PE ($1,254.08), and MAIC's corporate representative ($1,067.00). *See* Esquire Exhibits (Ex. H). The Rules do not entitle Plaintiff to recover costs for these transcripts because Plaintiff did not use a "substantial portion" of the deposition transcripts in resolving a material issue in the case, nor did he "necessarily obtain[] [them] for use in the case." *See* D. Del. LR 54.1(b)(3); 28 U.S.C. § 1920(2). In fact, Plaintiff only briefly cited the Taylor and corporate representative depositions in his Motion for Summary Judgment Opening Brief [D.I. 108], Answering Brief [D.I. 114], and/or Reply Brief [D.I. 116], and most citations were to the same few pages. These limited references do not constitute a "substantial portion" of either transcript, nor were they used to resolve a "material issue." *See, e.g., Honeywell Int'l Inc. v. Hamilton Substandard Corp.*, 2009 U.S. Dist. LEXIS 93395, at *4–7 (D. Del. Sept. 30 2009) (denying deposition transcript costs where the prevailing party did not use a substantial portion of the depositions in resolving a material issue); *Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 254–56 (D. Del. 2009) (holding that use of 25% of a deposition transcript at trial constitutes a substantial portion, but 8–12% does not).

Plaintiff did not cite the Klopman deposition at all in his briefing, instead relying on the Klopman report. [D.I. 108; D.I. 114; D.I. 116]. Furthermore, none of these transcripts were entered into evidence at trial. [D.I. 190]. *Honeywell*, 2009 U.S. Dist. LEXIS 93395, at *4 ("The court affirms the Clerk's denial… [Defendant] does not claim that any portion of the depositions were

read into the record or presented at trial, much less that a 'substantial portion' of the depositions was 'used in the resolution of a material issue in the case.'"). Additionally, Plaintiff did not designate any deposition testimony for use in lieu of live testimony.

Under these circumstances, it appears that Plaintiff's counsel ordered these deposition transcripts primarily for their own convenience. Local Rule 54.1(b)(3) clearly states: "Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable." For these reasons, the Clerk correctly denied Plaintiff's request for deposition transcript costs.

## III.    PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND HIS BILL OF COSTS

Plaintiff also seeks leave to amend his Bill of Costs. Markel reads this to be limited to those entries in his Bill of Costs where the Clerk found inadequate support and not those entries the Clerk found untaxable such as private boat-storage fees. Plaintiff was already given the opportunity to file sufficient and compliant support for his Bill of Costs on May 21, 2025. That includes compliance with Local Rule 54.1(a)(2), which required Stokes to provide a clear description of each item of cost.  He failed to do so in his untimely filing.  In the Motion for Review, he failed to attach exhibits that would show amendment would not be futile or address the Clerk's argument why some costs are not taxable.  He should not be permitted to do so now six (6) months after that deadline.

<u>CONCLUSION</u>

For the foregoing reasons as well as those reasons provided in the initial objections to the Bill of Costs, and in light of Plaintiff's repeated failure to comply with this Court's rules and procedures, Defendant respectfully requests that the Court deny Plaintiff's Motion for Review of the Clerk's Taxation of Costs and for Leave to File an Amended Bill of Costs.

-10-

**WHITE AND WILLIAMS LLP**

*/s/ Timothy S. Martin*
**TIMOTHY S. MARTIN (#4578)**
**DARYLL HAWTHORNE-BERNARDO (#6520)**
**MARC L. PENCHANSKY** (Admitted pro hac vice)
Courthouse Square
600 N. King Street, Suite 800
Wilmington, DE 19801
(302) 467- 4520
Martint@whiteandwilliams.com
Counsel for Defendant,
*Markel American Insurance Company*


OF COUNSEL:

**HAMILTON MILLER & BIRTHISEL LLP**
Krista Fowler-Acuna (Admitted *Pro Hac Vice*)
150 Southeast Second Avenue
Suite 1200
Miami, FL 33131
Counsel for Defendant,
*Markel American Insurance Company*


Dated:  November 11, 2025

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAMES STOKES,                            :

                                    : C.A. No.   1:19-cv-02014-SB-MPT

              PLAINTIFF,           :

                                    :

              v.                    : TRIAL BY JURY OF TWELVE

                                    : DEMANDED

MARKEL AMERICAN INSURANCE     :

COMPANY, a foreign corporation,       :

                                    :

             DEFENDANT.

## CERTIFICATE OF SERVICE

I, Timothy Martin, Esquire do hereby certify that on this date, a copy of the foregoing Defendant Markel American Insurance Company's Opposition to Plaintiff's Motion to Review the Clerk's Order Taxing Costs and for Leave to File Amended Bill of Costs was served on all counsel of record via CM/ECF.

**WHITE AND WILLIAMS LLP**

*/s/Timothy Martin*
**TIMOTHY S. MARTIN (#4578)**
**DARYLL HAWTHORNE-BERNARDO (#6520)**
**MARC L. PENCHANSKY** (Admitted pro hac vice)
Courthouse Square
600 N. King Street, Suite 800
Wilmington, DE 19801
(302) 467- 4520
Martint@whiteandwilliams.com
Counsel for Defendant,
*Markel American Insurance Company*

Date: November 11, 2025