IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES STOKES,

    *Plaintiff,*

  v.

MARKEL AMERICAN
INSURANCE CO.,

    *Defendant.*

No. 1:19-cv-02014-SB

---

David A. Neblett, James M. Mahaffey, III, John A. Wynn, NEBLETT LAW GROUP, Miami, Florida; Kyle Robert Brady, SALMON RICCHEZZA SINGER & TURCHI LLP, Philadelphia, Pennsylvania.

                                              *Counsel for Plaintiff.*

Daryll Hawthorne-Bernardo, Timothy S. Martin, WHITE & WILLIAMS, Wilmington, Delaware; Marc L. Penchansky, WHITE & WILLIAMS, Philadelphia, Pennsylvania; Krista Acuña, HAMILTON, MILLER & BIRTHISEL LLP, Miami, Florida.

                                              *Counsel for Defendant.*

---

## MEMORANDUM OPINION

November 14, 2025

BIBAS, *Circuit Judge*, sitting by designation.

    Stokes's counsel moved to reconsider the Clerk's taxation of costs. D.I. 205. I deny the motion. To begin, counsel seems to think that Stokes must be "fully compensate[d]" for the amount "he actually spent on this litigation." D.I. 205 at 2. Yet nothing in the United States Code or this Court's local rules gives that impression. Rather,

those provisions enumerate categories of recoverable costs. The implication—that other costs are not recoverable—is apparently lost on counsel.

Moving to the specific objections raised in the motion for reconsideration, counsel never once engages with the Clerk's explanation of applicable law and the deficiencies in counsel's filing.

*First* is an offhand claim to reimbursement for the filing fee ($401) and serving subpoenas ($780). D.I. 205 at 3; D.I. 198 at 1. Counsel makes no attempt to justify those costs. As the Clerk explained, only $20 worth of docket fees are recoverable. D.I. 204 at 5–6. And (again, as the Clerk explained), only service by the *marshals* is recoverable. D.I. 204 at 2. Yet the documents indicate Stokes used a private process server. D.I. 198-2 at 47–54.

*Second* is an attempt to obtain $18,540 in document costs. D.I. 205 at 4–5; D.I. 198 at 1. Counsel points to a one-page, $8,535.19 invoice to support this objection. Not only is that invoice for a different figure, but it is dated post-trial and contains no explanation of what was printed. D.I. 198-2 at 9. As the Clerk pointed out, with that lack of detail, it is impossible to make heads or tails of the request. D.I. 204 at 3–4.

*Third*, Counsel insists that the $19,295.42 paid to expert witness Drew Hains is compensable. D.I. 205 at 5–6; D.I. 198 at 2. According to counsel, because the Clerk awarded the statutory attendance fee (for $80), all other witness-related costs are taxable, too. But as the Clerk pointed out, Stokes failed to provide *any* documentation for the travel and meal costs listed in Hains's invoice. D.I. 204 at 5; *see also* 28 U.S.C.

§ 1821(c), (d) (detailing limits on and requirements for witness travel and subsistence fees).

*Fourth*, Counsel's last objection concerns $3,367.18 spent on deposition transcripts. D.I. 205 at 6; D.I. 198 at 1. The Clerk explained when those costs are recoverable. D.I. 204 at 2–3. Counsel failed to address those circumstances in the first instance and fails to do so now. As counsel should know from reading the Clerk's explanation, baldly asserting that the transcripts were used at trial is not enough. *See* D.I. 205 at 6.

To top everything off, counsel requests leave to supplement the bill of costs with adequate support. D.I. 205 at 2, 7. I deny that request. Counsel's documentation was, to put it mildly, a mess. *See* D.I. 198-1 & -2; D.I. 199 at 3–4; D.I. 204 at 1. A compliant bill of costs "shall clearly describe each item." D. Del. L.R. 54.1(a)(2). This bill fails to do so spectacularly. That counsel thought this filing would ever suffice is baffling— and I will address it in further proceedings. But once the deed was done, counsel should have tried to correct course the moment Markel American pointed out the deficiencies. Coming back now, hat in unapologetic hand, is too little, too late.