**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

JAMES STOKES,                                        :
                                                     :    C.A. No.    1:19-cv-02014-SB-MPT
          PLAINTIFF,                                 :
                                                     :
          v.                                         :    TRIAL BY JURY OF TWELVE
                                                     :    DEMANDED
MARKEL AMERICAN INSURANCE                            :
COMPANY, a foreign corporation,                     :
                                                     :
          DEFENDANT.                                 :

### DEFENDANT'S MOTION TO FILE ITS RESPONSE TO COURT'S MAY 15, 2026 MEMORANDUM OPINION UNDER SEAL

Under D.Del. Local Rule 5.1.3, Defendant, Markel American Insurance Company ("MAIC") hereby moves this Court for leave to file under seal its submission responding to the Court's May 15, 2026 Order. That Order asked Markel for support for the costs it incurred responding to the sanctioned conduct of Plaintiff's counsel. As required under D.Del. Local Rule 5.1.3 and the CM/ECF Procedures, MAIC will file a redacted version within 7 days. It will also properly serve all counsel of record and this Court with the conditionally sealed filing. See D.Del. Administrative Procedures Governing Filing and Service by Electronic Means § (G).

1.      The submission contains proprietary and commercially sensitive information, including MAIC's counsel's billing rates and guidelines and fee structures, which are not publicly disclosed and the disclosure of which would cause competitive harm.

2.      When materials are filed with the Court, a common-law presumption of public access applies, but that presumption may be overcome by a showing of a clearly defined and serious injury. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986).

52004109v.2

3.      The burden rests on the party seeking sealing to demonstrate that disclosure will result in specific, concrete harm.  *Avandia*, 924 F.3d at 672-73.

4.      Courts, including in this District, have recognized that attorney billing-rate information may be sealed where it is not publicly available, is commercially sensitive, and reflects negotiated or client-specific pricing.  *ImagineAR, Inc. v. Niantic, Inc.*, C.A. No. 1:24-cv-01252-JDW (D. Del. Apr. 23, 2026) (Ex. A) (permitting redaction of negotiated billing rates upon a showing that such information is commercially sensitive and that disclosure could impair competitiveness).  *Accord, e.g.*, *Vetter v. Rustoleum Corp.*, No. 1:21-cv-17397-CPO-SAK, 2024 U.S. Dist. LEXIS 81805, at *4 (D.N.J. Apr. 9, 2024) *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, No. 17-cv-516, 2020. U.S. Dist. LEXIS 5260 at *6-7 (D. Nev. Jan. 13, 2020); *Andrew Pham v. Talkdesk, Inc.*, No. 2:22-cv-05325-MCS-JPR, 2023 U.S. Dist. LEXIS 212810, at *14-15 (C.D. Cal. Sep. 13, 2023) (recognizing that non-public, "competitively sensitive" billing rates—particularly where negotiated or discounted—may warrant sealing because disclosure could harm a firm's competitiveness).

5.      These decisions reflect the broader principle that confidential pricing information, including attorney rates, may be protected where its disclosure would place a party or its counsel at a competitive disadvantage.

6.      Courts further recognize that the commercial sensitivity of attorney billing rates reflects the concrete, "clearly defined and serious injury" that disclosure would cause.  *In re Avandia*, 924 F.3d at 672–73.  Disclosure enables counterparties to use those rates as leverage in future negotiations, placing the client at a competitive disadvantage, and likewise harms counsel by revealing negotiated pricing to current and prospective clients and competitors—precisely the type of specific, non-speculative competitive harm sufficient to overcome the presumption of

-2-

52004109v.2

public access. *See, e.g., Vetter,* 2024 U.S. Dist. LEXIS *4-5; *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Access., Inc.*, No. 20-CV-709 JLS (JLB), 2022 LX 62083, at *7-8 (S.D. Cal. Apr. 13, 2022).

7.      MAIC is willing to redact the submission in such a way that the total sum of costs sought because of the sanctions will be publicly available.  Therefore, the proposed redaction of proprietary information is narrowly tailored to provide an appropriate balance between public access and protecting legitimate commercial interests.

8.      Information about MAIC's billing guidelines is included in some billing entries. They likewise warrant protection because they constitute non-public, proprietary business information that reflects the insurer's internal litigation management strategies, cost-control measures, and evaluation criteria for outside counsel.

9.      Courts have long recognized that, while attorney billing materials are not categorically privileged, they may be redacted or shielded from public disclosure to the extent they reveal litigation strategy, attorney mental impressions, or confidential client practices.  Sealing "sensitive business information" that "implicates policies, procedures, business practices, agreements, processes, and pricing information" is appropriate to protect commercial interests. *See, e.g., Monster Energy Co. v. Vital Pharms., Inc.*, EDCV 18-1882 JGB (SHKx), 2023 U.S. Dist. LEXIS 211875, *6 n.1 (C.D. Cal. Oct. 6, 2023).

**WHEREFORE**, MAIC respectfully requests that the Court grant this Motion and permit it to file under seal its Response to the Court's May 15, 2026 Order and accompanying materials.

52004109v.2

-4-

**WHITE AND WILLIAMS LLP**

*/s/ Timothy S. Martin*
**TIMOTHY S. MARTIN (#4578)**
**DARYLL HAWTHORNE-BERNARDO (#6520)**
**MARC L. PENCHANSKY** (Admitted pro hac vice)
Courthouse Square
600 N. King Street, Suite 800
Wilmington, DE 19801
(302) 467- 4520
Martint@whiteandwilliams.com
Counsel for Defendant,
*Markel American Insurance Company*


OF COUNSEL:

**HAMILTON MILLER & BIRTHISEL LLP**
Krista Fowler-Acuna (Admitted *Pro Hac Vice*)
150 Southeast Second Avenue
Suite 1200
Miami, FL 33131
Counsel for Defendant,
*Markel American Insurance Company*


Dated: June 5, 2026

-4-

52004109v.2