**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JAMES STOKES,

     Plaintiff,

        v.

MARKEL AMERICAN INSURANCE
CO.,

     Defendant.

C.A. No. 1:19-cv-02014-SB

**NON-PARTY RESPONDENT NEBLETT LAW GROUP'S RESPONSE TO
DEFENDANT'S JUNE 5, 2026 LETTER IN SUPPORT OF SANCTIONS AWARD**

Neblett Law Group accepts the Court's May 15, 2026 Memorandum Opinion and Order requiring it to pay Defendant's reasonable excess costs, expenses, and attorney's fees related to plaintiff's counsel's (1) improper motion in limine, (2) pursuit of a barred theory, (3) pursuit of damages for dismissed claims, and (4) bill-of-costs request, as described in the accompanying memorandum opinion [D.I. 216, 217].

On June 5, 2026, Defendant submitted a letter in support of the sanctions award identifying approximately 330 professional time entries for which it requests reimbursement. Based on these entries, Defendant requests (1) $43,614.50 in attorneys' fees based on "extra work made by Plaintiff's counsel" and (2) an additional $5,548.50 in attorneys' fees incurred tabulating the costs associated with responding to Plaintiff counsel's sanctioned conduct, or "fees on fees."

Neblett Law Group accepts Defendant's fee request with respect to the time entries implicating the four categories referenced above. Neblett Law Group also accepts the time referenced in those entries and Defense counsel's hourly rate. But Defendant's fee request includes several categories of entries involving matters unrelated to the sanctions award. For example, Defendant requests reimbursement for its counsel's work (1) drafting its portion of the pretrial

1

stipulation generally, (2) opposing other limine motions that the Court did find sanctionable, (3) drafting Defendant's own limine motions unrelated to barred theories or dismissed claims, (4) calculation of interest, (5) settlement / mediation efforts, and (6) general legal analysis. A copy of Defendant's objectionable and non-recoverable legal fees is attached as Exhibit A. These objectionable and non-recoverable entries total approximately 60 hours of professional time, representing approximately 50% of Defendant's total fee petition.[1]

Precedent exists for partially denying a party's fee petition on a sanction ruling where "not all of the invoiced charges are reasonably related to the issues for which sanctions were awarded." *See, e.g.*, *Citrix Sys., Inc. v. Workspot, Inc.*, C.A. No. 18-588, Mem. Op. at 7, Stark, J. (D. Del. Jan. 21, 2021) (attached as Exhibit B); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (for purposes of fee-shifting under Section 1927, the petitioning party must "establish a causal link between misconduct and fees"); *In re Del. Valley Lift Truck Inc.*, 640 B.R. 342, 371 (E.D. Pa. Bankr. 2022) (noting that courts are permitted to "impos[e] fee-shifting sanctions to cover some or all of the reasonable attorney's fees and costs directly incurred as a result of bad faith conduct under … Section 1927, but in doing so it must strictly limit the award to only those fees that were directly caused by the conduct in question").

Neblett Law Group further objects to Defendant's request for "fees on fees," totaling $5,548.50. The Court's May 15, 2026 Order granting sanctions did not contemplate fees on fees. In the context of sanctions under Section 1927, "the court should endeavor to impose the least severe sanction in furtherance of such purpose." *In re Del. Valley Lift Truck Inc.*, 640 B.R. at 371.

---

[1] Defendant has yet to provide its hourly rate for each professional for any relevant period. Therefore, it is currently impossible for Neblett Law Group to quantify the requested deduction. Upon information and belief, Defendant will provide that information in its filing later today. Therefore, Neblett Law Group will quantify its requested reduction in Defendant's fee petition in connection with its response to Defendant's July 9 filing due on July 16, 2026.

Neblett Law Group submits that (1) this Court's underlying sanctions award "is sufficient to compensate [Defendant] and penalize [it] for the repercussions of these events" and (2) it has been already appropriately punished and humbled for its litigation conduct in this case. *Citrix Sys.*, Mem. Op. at 9. Neblett Law Group has also made several monetary offers to Defendant resolve the fee petition. Defendant has ignored these offers without making a counteroffer. Under the circumstances, it is now Defendant that is prolonging this litigation, and awarding fees on fees "will not advance the Court's goal of compensating [Defendant] for [Neblett Law Group]'s [original] actions." *Id*. at 9-10.

<div style="margin-left: 40%">

SWARTZ CAMPBELL LLC

*/s/ Joseph S. Naylor*
Joseph S. Naylor (DE Bar No. 3886)
300 Delaware Ave., Suite 1410
Wilmington, DE 19801
(302) 656-5935
jnaylor@swartzcampbell.com

Attorneys for Respondent
NEBLETT LAW GROUP

</div>

July 9, 2026