**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JAMES STOKES,

     Plaintiff,

       v.

MARKEL AMERICAN INSURANCE
CO.,

     Defendant.

C.A. No. 1:19-cv-02014-SB

**NON-PARTY RESPONDENT NEBLETT LAW GROUP'S REPLY
IN OPPOSITION TO SANCTIONS AWARD**

As noted in its July 9, 2026 response, Neblett Law Group accepts Defendant's fee request with respect to the four categories of work indicated by the Court.  Neblett Law Group also accepts the time referenced in those entries and the reasonableness of Defense counsel's *average* hourly rates.

Neblett Law Group continues to object to Defendant's request for reimbursement for its counsel's work (1) drafting its portion of the pretrial stipulation generally, (2) opposing other limine motions that the Court did find sanctionable, (3) drafting Defendant's own limine motions unrelated to barred theories or dismissed claims, (4) calculation of interest, (5) settlement / mediation efforts, and (6) general legal analysis.  Defendant's July 9, 2026 filing fails to justify the inclusion of these matters in the fee award.

As just one example, Defendant seeks reimbursement for time spent in connection with settlement issues.  *See, e.g.*, White & Williams Invoices (12/9/24 time entry by attorney T. Martin; "Analyze file materials in preparation for discussion with out-of-state co-counsel and client regarding settlement strategy / analyze prior settlement valuation."  Defendant's July 9 filing suggests this falls into the category of "[r]esponding to improper motions in limine."  Def. Resp.

1

at 12-13.  But the Court did not award Defendant fees on *all* limine motions.  Instead, the Court only awarded Defendant fees related to Plaintiff's "improper [First] motion in limine."  Nor does the time entry at issue relate to *any* limine motion or other sanctioned matter.

Neblett Law Group stands by this objection and the other specific objections referenced in its July 9 filing.  In total, Defendant's objectionable and non-recoverable entries total approximately 60 hours of professional time, representing approximately 50% of Defendant's total fee petition.  Neblett Law Group brought these objections to Defendant's attention several days prior to its July 9 filing.  Defendant refuses, however, to respond or negotiate, thereby prolonging this litigation.

Defendant also refuses to provide its hourly rate for each professional for any relevant period.  As noted above Neblett Law Group, does not object to the reasonableness of Defense counsel's *average* hourly rates.  But even Defendant now concedes that some of the entries for which it sought reimbursement are improper.  *See* Def. Resp. at 12-13.  On the current record, it is impossible for Neblett Law Group or the Court to quantify these deductions without specific hourly rates by period.  Despite multiple requests for these rates, Defendant has failed to provide them.  Neblett Law Group respectfully suggests that no financial sanctions can be imposed until Defendant provides its specific professional rates by period.

<div style="margin-left: 40%;">

SWARTZ CAMPBELL LLC

*/s/ Joseph S. Naylor*
Joseph S. Naylor (DE Bar No. 3886)
300 Delaware Ave., Suite 1410
Wilmington, DE 19801
(302) 656-5935
jnaylor@swartzcampbell.com

Attorneys for Respondent
NEBLETT LAW GROUP

</div>

July 16, 2026