## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES STOKES, | : | |
| | : | C.A. No.   1:19-cv-02014-SB-MPT |
| PLAINTIFF, | : | |
| | : | |
| v. | : | TRIAL BY JURY OF TWELVE |
| | : | DEMANDED |
| MARKEL AMERICAN INSURANCE | : | |
| COMPANY, a foreign corporation, | : | |
| | : | |
| DEFENDANT. | : | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF REASONABLENESS OF
FEES**

In its July 9, 2026 Response, the Neblett Law Group accepts the four categories of

sanctioned conduct identified by the Court.  It objects, however, to certain billing entries and to

the request for fees incurred in pursuing the sanctions motion.  Markel American Insurance

Company ("MAIC") responds as follows:

> **A.    The Third Circuit Has Recognized That Courts May Require a
> Sanctioned Party to Reimburse the Aggrieved Party for the Costs of
> Pursuing and Obtaining the Sanction**

The Neblett Law Firm challenges MAIC's request for recovery of the fees incurred in

pursuing sanctions.  See Neblett Firm Response (D.I. 225) at 2.  MAIC acknowledges that the

Court's sanctions order did not expressly authorize recovery of those additional fees.  For that

reason, MAIC included the request in its fee application, but it did not contend that such fees were

expressly encompassed within the Court's order. See MAIC Initial Response (D.I. 220) at 2.

MAIC's request is well supported by established precedent.  The Third Circuit has held

that "[a] party entitled to an award of attorneys' fees is also entitled to reimbursement for the time

spent litigating its fee application."  Planned Parenthood v. Attorney General, 297 F.3d 253, 268

(3d Cir. 2002) (citing Prandini v. Nat'l Tea Co., 585 F.2d 47, 53 (3d Cir. 1978)).  See also Tobin

v. Gordon, 614 F. Supp. 2d 514, 528 (D. Del. 2009); ACLF v. Dep't of Corr., No. 09-179-SLR-SRF, 2014 U.S. Dist. LEXIS 129975, at *18 n.9 (D. Del. Sept. 17, 2014) (report and recommendation), adopted, 2014 U.S. Dist. LEXIS 164115 (D. Del. Nov. 14, 2014).

The rationale supporting recovery of the fees incurred to pursue sanctions follows directly from the rationale underlying the sanctions award itself.  But for the Neblett Law Firm's sanctionable conduct, MAIC would not have incurred the fees associated with seeking sanctions or establishing the amount of the resulting award.  Requiring MAIC to absorb those additional expenses would diminish the compensatory effect of the sanction and leave MAIC less than whole.

Consistent with this precedent, MAIC has incurred additional fees since submitting its initial fee affidavit. Those fees relate to: (1) researching and drafting MAIC's Response in Support of the Reasonableness of Fees (D.I. 224); (2) reviewing the Neblett Law Firm's Response and Opposition to Fees (D.I. 225); and (3) preparing this Response to the Neblett Law Firm's Opposition.  MAIC incurred the following fees in connection with those tasks totaling $████.  See Prebill No. 445174 (Ex. A).

### B.    MAIC Did Not Cause Any Delay in Resolving the Sanctions Issue

The Neblett Law Firm now contends that MAIC is responsible for further delay in resolving the sanctions issue.  See Neblett Response (D.I. 225) at 3.  It bases that contention on its extension of a settlement demand that MAIC did not respond with a counteroffer.  Id.

That argument overlooks the procedural posture of this matter.  MAIC did not initiate the sanctions proceedings.  Rather, the Court, acting *sua sponte*, issued an order directing the Neblett Law Firm to show cause why sanctions should not be imposed and subsequently entered an order awarding sanctions.  MAIC's position is that, because the sanctions award was imposed by the Court on its own initiative, the parties likely do not have the authority to compromise or extinguish that award without the Court's approval.

-2-

52216901v.1

-3-

Accordingly, MAIC's decision not to engage in settlement negotiations at this time should not be construed as delay.  Instead, MAIC has proceeded in accordance with its understanding of the Court's sanctions order and the Court's continuing interest in enforcing its own order.  If the Court determines that the parties may negotiate a resolution of the sanctions award and wishes them to do so, MAIC will participate in those discussions in good faith.

### C. MAIC's Responses to the Neblett Firm's Objections Can Be Found at Exhibit B

To assist the Court's review, MAIC addressed each of the Neblett Law Firm's 122 objections directly beneath the objection to which it pertains.  MAIC's responses are attached as Exhibit B.

### D. MAIC Provides the Hourly Rates of the Billkeepers for the Court's Convenience

Because MAIC has agreed to withdraw certain entries and the Court may disallow others, MAIC understands that the Court must know the hourly rates charged by the billkeepers whose time appears in the fee application.

Krista Fowler Acuna billed at a rate of $███ per hour throughout the litigation. Paralegal Jenna Brady billed at a rate of $██ per hour throughout the litigation. Timothy S. Martin billed at a rate of $██ per hour for work performed before April 1, 2025, and $██ per hour for work performed on or after April 1, 2025. Marc Penchansky billed at a rate of $██ per hour before April 1, 2025, and $██ per hour on or after April 1, 2025. Daryll Hawthorne Bernardo billed at a rate of $██ per hour before April 1, 2025, and $██ per hour on or after April 1, 2025.

-3-

-4-

**WHITE AND WILLIAMS LLP**

*/s/ Timothy S. Martin*
**TIMOTHY S. MARTIN (#4578)**
**DARYLL HAWTHORNE-BERNARDO (#6520)**
**MARC L. PENCHANSKY** (Admitted pro hac vice)
Courthouse Square
600 N. King Street, Suite 800
Wilmington, DE 19801
(302) 467- 4509
Martint@whiteandwilliams.com
Counsel for Defendant,
*Markel American Insurance Company*

OF COUNSEL:

**HAMILTON MILLER & BIRTHISEL LLP**
Krista Fowler-Acuna (Admitted *Pro Hac Vice*)
150 Southeast Second Avenue
Suite 1200
Miami, FL 33131
Counsel for Defendant,
*Markel American Insurance Company*

Dated: July 15, 2026

52216901v.1